429 A.2d 707

**Jack MURIN, Appellant,**

**v.**

**Leo NADICK, Jr.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1981.

Filed May 8, 1981.

Vincent A. Tucceri, Pittsburgh, for appellant.

Howard T. Gilfillan, Pittsburgh, for appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

PER CURIAM:

This is an appeal from a lower court order dismissing appellant's case because neither appellant nor his trial counsel were present in the courtroom at 9:30 A.M., when the appellant's case was called.[1] Appellant and his counsel arrived and were ready to proceed at approximately 9:33 A.M. At that time counsel requested the court to reconsider the dismissal order. The request was denied.

Appellant argues that the court's refusal to reopen the case, under these circumstances, was an abuse of discretion and violative of due process.

Appellant's explanation for his three-minute tardiness is that the hearing notice he had received instructed him to appear at 9:30 A.M., in the assignment room, not the courtroom. Upon arrival at the assignment room at 9:30, appellant and his counsel were instructed to go to the courtroom, one floor above the assignment room. They promptly complied.

The disposition of *Budget Laundry Company v. Munter*, 450 Pa. 13, 298 A.2d 55 (1972), is analogous to our reasoning in the instant case. *Budget* dealt with a trial court's refusal to grant a continuance of less than one week. The continuance was requested because trial counsel was involved in a trial and would be involved in another trial on the trial date scheduled for the case in question. The court was assured that both cases would be completed within the requested one-week extension period. No prejudice to either party would have resulted. The Pennsylvania Supreme Court found the court's refusal to continue the case to be an abuse of discretion and ordered a new trial. The Court said that

1. A statutory de novo hearing was to be held pursuant to appellee's appeal from a summary conviction.

while it shared the trial court's concern for the orderly and speedy administration of justice, it could not allow courts to "overreach in their zeal to move cases to such an extent as to allow for no deviations...." *Id.*, 450 Pa. at 22, 298 A.2d at 58. The Court went on to state:

> [W]e must caution that speedy disposition is not the sole element to be considered in dispensing justice, and that where special circumstances exist, special consideration must be given lest we allow statistical considerations and analyses to become the be-all and end-all of our system of justice.

*Id.*, 450 Pa. at 23–24, 298 A.2d at 59.

In the instant case, the lower court abused its discretion by not considering the reasons for appellant's tardiness. In any event, the record indicates that appellant's late appearance was not caused by his or his counsel's disregard for the court's authority; rather, appellant appeared at the proper time and place, as he was instructed by the hearing notice.

The order is reversed and the case is remanded for hearing.