451 A.2d 533

**COMMONWEALTH of Pennsylvania, Appellant**

**v.**

**Nicholas SHEPPARD.**

Superior Court of Pennsylvania.

Argued June 23, 1982.

Filed Oct. 8, 1982.

Garold Edward Tennis, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Jules Epstein, Assistant Public Defender, Philadelphia, for appellee.

Before WICKERSHAM, McEWEN and LIPEZ, JJ.

WICKERSHAM, Judge.

On November 19, 1980, Nicholas Sheppard was convicted in a non-jury trial before the Honorable Thomas A. White of the crimes of robbery, theft by unlawful taking or disposition and by receiving stolen property and criminal conspiracy.

On April 22, 1981, Judge White discharged the defendant "under Rule 1100." We reverse and remand for post-verdict proceedings.[1]

At trial Ann Marie Borget testified that on April 17, 1980 she was coming home from the grocery store, entering her apartment at 45th and Spruce Streets in the City of Philadelphia. She said:

---

1. Following trial and conviction, counsel for Nicholas Sheppard filed a motion for post-verdict relief alleging an error in the refusal of the court to suppress certain physical evidence, further alleging that the verdict was against the weight of the evidence and further raising the Rule 1100 issue. As the court discharged the defendant on the Rule 1100 issue and did not take up the remaining post-verdict contentions, we remand for further proceedings consistent with this opinion.

A. Okay. I had my keys and was opening the door.

Q. Which door were you opening?

A. The outside door. Well, there's sort of a vestibule door which requires no keys for entry and then there's an additional door several feet in front of that which requires a key for entry. I was in the process of opening that door and I felt myself being pushed, but it happened very quickly. Then I was inside the door and someone was hitting my head and then I felt my purse being pulled from my left arm, I think it was, and I dropped the grocery bag which was in the other arm and the people took off and I went upstairs and called the police.

Q. Now, other than having the purse pulled from your arm, were you touched in any way?

A. Yeah. The person standing in front of me hit me. I mean I'm not saying he punched me but I felt it was, you know, it was a distraction, and the next thing I knew the purse was being pulled.

Q. Where were you struck?

A. As I remember it, it was very, very quickly and it was on the head and I think on the face, but I'm not sure. I wasn't punched. It was something else.

. . . .

Q. And approximately how long after the incident actually took place, the purse snatch took place, did the police come back with your items?

A. Okay. I must have placed the call between 20 of and quarter of eight, and the policeman arrived easily ten minutes, if that.

Q. Is that the first one?

A. First one, and probably no more than five minutes.

Q. So, a total of 15 minutes from the incident?

A. Yes, 15 to 20. Perhaps 20.

Record at 38–45.

Prior to trial, on November 3, 1980, a hearing was held before the Honorable Ethan Allen Doty on a Commonwealth petition to extend Rule 1100. The facts revealed that the

criminal complaint had been filed April 18, 1980 and the Commonwealth petition to extend was filed October 9, 1980, in timely fashion. James Pabarue, Assistant District Attorney, City of Philadelphia, testified. He said:

Q. Now, Mr. Pabarue, I hand you the Commonwealth's file in Commonwealth versus Nicholas Sheppard. Did you handle that matter on October the 2nd?

A. Yes, I did.

Q. In what courtroom?

A. Room 432 in front of Judge White.

Q. Did you handle the list of cases listed on October 2nd, room 432?

A. Yes, I did.

Q. How many cases were listed?

A. Somewhere in the neighborhood of twelve to fifteen.

Q. Now, did you mark this file in Commonwealth versus Nicholas Sheppard?

A. Yes, I did.

Q. Will you please indicate to the Court how you marked the file, and based on those markings your recollection as to what occurred on that date.

A. Yes, sir.

Your Honor, this case, Commonwealth versus Nicholas Sheppard, was listed as a co-defendant's case. I believe on the co-defendant's case there was a defense request for a continuance. I informed Judge White in the morning at the call of the list that our complainant on both cases was on alert. I informed the Judge that I was prepared to sever these cases and proceed with the case of Commonwealth versus Nicholas Sheppard.

Judge White informed me that since I did not have my complainant there in the room available right away to go, that he considered us not prepared. I informed the Court that my complainant would be in in a matter of minutes and I would be able to bring him in. But the Judge ordered the case continued with the co-defendant's case and gave it a date of 11–10. I asked for the earliest

possible date. And before that date was given I asked for the earliest possible date. It was given to me by the court officer after a phone call was made. The case was continued.

This case, Commonwealth versus Nicholas Sheppard, was continued over my objection since I informed the Court that we were ready to proceed, that it was just a matter of bringing our witness in who I contacted before and ascertained was on call.

Record at 4–6.

Mr. Pabarue explained to Judge Doty, in his further testimony, that Ann Marie Borget was his witness and that she was located on the day in question at 548 South 48th Street, Philadelphia, on call. She had been alerted the day before that she would be needed and was on "a half hour call." Mr. Pabarue testified that she was not feeling well and was home that day, not at work. Record at 9. Following the hearing, Judge Doty stated:

However, the Court finds as a fact that the Commonwealth's petition was timely filed.

The Court further finds that the run-date for Rule 1100 was October 15, 1980; that the matter was listed July 23, 1980. At that time when it was listed both sides were ready and the Court continued it at 4:30 p.m.

The matter was then listed October the 2nd, 1980, and according to the testimony of Assistant District Attorney Pabarue the Court continued the matter to November the 19th, 1980 in room 432. Apparently this matter had been assigned to Judge White and it was assigned to a date in which Judge White would be in that courtroom.

The Court finds as a fact that the Commonwealth used due diligence in this matter, and therefore the matter is extended until November the 20th, 1980.

Record at 16–17.

When Judge White discharged the defendant "under Rule 1100" on April 22, 1981, he said on the record:

THE COURT: Regarding the 1100 issue, I recall ___ I can't say specifically ___ but I do recall the situation. We had eighteen cases listed that day. I reviewed my file and checked it, and this was a co-defendant case. The case was continued. The co-defendant's case was continued because of the unavailability of the attorney. The District Attorney wished to sever the case. However, his witnesses were not in the room. [They] were on call, and this is where apparently there's a difference of agreement between Judges and ___ as well as between counsel. If a case is called and a witness is not in the room, my contention is the case is not ready ___ if a witness is not in the room and the witness is on call. As a practical matter, I knew that I was not going to complete my entire list that day. In fact, we completed, if my memory serves me correctly, eight cases. We disposed of eight cases out of eighteen which was a good day's work, but I don't recall, frankly, what time this case was marked when I marked it Commonwealth not ready. I know they were not ready in the room at the time the case was first called. I know they were not ready the second time the case was reviewed, but that could have been shortly after the first call that we called it again. I'm trying to reconcile whether that would be due diligence or not.

. . . .

Regarding the 1100 issue, I guess this is a case that's going to go on appeal and possibly should be. It is my contention that the Commonwealth is not ready when the witness is not in the room and when a case is called to trial. Especially in our crowded dockets, if the witnesses are not here in the room we can't go forward with that case and we must, of necessity, go into other cases, otherwise we would never clear our docket.

In my opinion, the Commonwealth did not exercise due diligence and therefore, the defendant is discharged under Rule 1100.

Record at 7–8, 12–13.[2]

The issue presented by this Commonwealth appeal is whether placing a Commonwealth witness on call, so that she would be available for trial within minutes, constitutes a lack of due diligence entitling defendant to a discharge from criminal liability under Pa.R.Crim.P. 1100. We hold that such is not a lack of due diligence; therefore appellant's convictions for robbery and related offenses will be reinstated and the case remanded for further proceedings consistent with this opinion.

At the first trial listing on July 23, 1980, both the Commonwealth and defendant were prepared for trial but Judge White did not reach the case (Reproduced Record at 6a) (continuance sheet marked. "Both sides ready. Case not reached . . . "). At defendant's second trial listing on October 2, 1980, thirteen days before the mechanical Pa.R. Crim.P. 1100 rundate, Judge White refused to allow the Commonwealth to proceed to trial because it had placed the

2. The pertinent provisions of Rule 1100, entitled Prompt Trial, are as follows:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

. . . .

(b) For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

. . . .

(c)(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(c)(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

complaining witness on call. Although the Rule 1100 hearing court found that the Commonwealth had been duly diligent and was entitled to a brief Rule 1100 extension, Judge White ruled otherwise on post-verdict motions and discharged defendant.

Judge White applied the extreme sanction of discharge to express his displeasure with the Commonwealth's placing its witness on call. The discharge was not mandated by Rule 1100. On the contrary, dismissal serves no purpose under Rule 1100 which, in the absence of "misconduct on the part of the Commonwealth in an effort to *evade* the fundamental speedy trial rights of an accused . . . *must* be construed in a manner consistent with society's right to punish and deter crime." *Commonwealth v. Genovese,* 493 Pa. 65, 72, 425 A.2d 367, 371 (1981) (emphasis added).

Judge White's use of a Rule 1100 discharge to express his own disapproval of placing witnesses on call is not only inappropriate but also ironic since placing witnesses on call actually serves to forward the goals of Rule 1100. At the post-verdict motions hearing, Judge White admitted that, as to the practice of placing witnesses on call, "apparently there's a difference of agreement between Judges and—as well as between counsel." (Reproduced Record at 56a). He also admitted that in finding that the Commonwealth was not prepared because its witness was on call, "I know we're probably parting hairs there a little bit. . . ." (Reproduced Record at 57a–58a). Nonetheless, he found the Commonwealth not to be duly diligent and invoked Rule 1100's drastic remedy of discharging this convicted robber.

The well-established practice of placing a witness on call at his or her home or place of business preserves the time, expense, and future availability of the witness. It insures that when the defense is actually ready to proceed to trial, the Commonwealth will be ready, unhampered by disillusioned witnesses who have "given up" on the case and stopped showing up for trial listings.

Clearly then, Judge White erred when he continued the case over Commonwealth objection on October 2nd and assigned as the reason for the continuance that the *Commonwealth* was unprepared.

As a practical matter, *I knew that I was not going to complete my entire list that day.* In fact, we completed, if my memory serves [me] correctly, eight cases. We disposed of eight cases out of eighteen which was a good days work, but I don't recall, frankly, what time this case was marked when I marked it Commonwealth not ready.

Reproduced Record at 56a (emphasis added).

The lower court granted relief on an erroneous legal theory and incorrectly concluded that the Commonwealth was not prepared or duly diligent simply because its complaining witness was on call. When the interest at risk is the public's right to the imposition of appropriate punishment for defendant's predatory conduct, the lower court's eagerness to discharge defendant under Rule 1100 in order to express its disapproval of the Commonwealth's following the well-established practice of having its witness on call, conveys the unfortunate impression of "[s]trained and illogical judicial construction, [which] adds nothing to our search for justice, but only serves to expand the already bloated arsenal" of criminal defendants. *Commonwealth v. Genovese,* 493 Pa. at 72, 425 A.2d at 371.

The order of April 22, 1981 is reversed. The convictions of Nicholas Sheppard, appellee, of robbery (No. 836 May Session 1980), theft by unlawful taking and by receiving stolen property (No. 837 May Session 1980) and criminal conspiracy (No. 839 May Session 1980) are hereby reinstated. This case is remanded to the lower court for final disposition of post-verdict motions filed by the defendant and for further proceedings consistent with this opinion.

McEWEN, J., concurs in the result.