487 A.2d 1390

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lynn Lionel CARSON, III, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1984.

Filed Jan. 30, 1985.

Petition for Allowance of Appeal Granted July 9, 1985.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

John J. Kennedy, Jr., Pittsburgh, for appellee.

Before CIRILLO, TAMILIA and MONTGOMERY, JJ.

PER CURIAM:

The sole issue presented is whether the trial court abused its discretion by *sua sponte* dismissing all charges against appellee. The dismissal, resulting from the assistant district attorney's nonappearance, occurred approximately thirty (30) minutes after the time for which trial was scheduled, 9:30 a.m. The reasons given by the trial court for the dismissal included the number of assistant district attorneys

in Allegheny County and the court's responsibility for disposing of its individual calendar in accordance with Pa.R. Crim.P. 1100.

■■■■ In its motion for reconsideration, the Commonwealth averred that the assistant district attorney appeared in the trial court's courtroom at 8:55 a.m. and informed the staff present that she was scheduled for a plea proceeding before another judge at 9:00 a.m. and would return for the instant matter after completing the plea proceeding. At 9:30 a.m. the trial court's law clerk appeared in the other judge's courtroom to ascertain when the assistant district attorney would be free and was told by that judge's law clerk that the case would be completed in approximately fifteen (15) minutes. At 9:57 a.m., a staff member of the trial court herein telephoned the district attorney's office to secure the presence of a substitute by 10:00 a.m. to handle the instant matter. The assigned attorney's supervisor appeared at 10:02 a.m. but the charges had already been dismissed. The attorney assigned to the case then appeared at 10:15 a.m.

In light of the above circumstances and the fact that we find no indication of a potential Rule 1100 violation or prejudice to appellee, we find that the trial court did abuse its discretion in *sua sponte* dismissing the charges. *Cf.*, *Commonwealth v. Daniels*, 321 Pa.Super. 486, 468 A.2d 814 (1983). Our Supreme Court has cautioned our trial courts that

> speedy disposition is not the sole element to be considered in dispensing justice, and that where special circumstances exist, special consideration must be given lest we allow statistical considerations and analyses to become the be-all and end-all of our system of justice.

*Budget Laundry Company v. Munter*, 450 Pa. 13, 23–24, 298 A.2d 55, 59 (1972). Furthermore, the trial court erred in not considering the reasons for the assistant district attorney's tardiness before dismissing the charges. *Murin v. Nadick*, 287 Pa.Super. 37, 429 A.2d 707 (1981).

Accordingly, we reverse the order of the trial court and remand for further proceedings consistent with this opinion. Jurisdiction relinquished.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I dissent and would affirm the order of the trial court.