510 A.2d 1233
**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lynn Lionel CARSON, III, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 1986.

Decided June 27, 1986.

John J. Kennedy, Jr., Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

The issue in this case is whether the trial court abused its discretion in dismissing criminal charges against appellant because of the tardiness of the prosecutor in appearing for trial.

Appellant, Lynn Lionel Carson, III, was charged with two counts of driving under the influence of alcohol or a controlled substance, with one count of possession of a controlled substance, and with the summary offense of driving while his operating privilege was suspended or revoked. A non-jury trial or guilty plea hearing on these charges was scheduled to commence on November 29, 1983, at 9:30 a.m., before the Honorable I. Martin Wekselman. According to the unchallenged and uncontradicted facts averred in the Commonwealth's motion for reconsideration, the assistant district attorney assigned to the case appeared in Judge Wekselman's courtroom at 8:55 a.m. on the morning of November 29, 1983, and informed the courtroom staff that she was scheduled to be present at a plea proceeding before the Honorable Leonard C. Staisey at 9:00 a.m., and that she would return to Judge Wekselman's courtroom immediately upon completion of that matter. At 9:30 a.m., Judge Wekselman's law clerk appeared in Judge Staisey's courtroom to inquire as to when the assistant district attorney would be free and was told by Judge Staisey's clerk that the case would be completed in approximately fifteen minutes. At 9:57 a.m., a staff member from Judge Wekselman's courtroom called the Witness Room of the Office of the District Attorney to secure the presence of a substitute assistant

district attorney by 10:00 a.m., to handle the matter. An assistant district attorney arrived in Judge Wekselman's courtroom at 10:02 a.m., but the charges had already been dismissed, *sua sponte*, by the court. The assigned assistant district attorney appeared in Judge Wekselman's courtroom at 10:15 a.m.

In its motion for reconsideration, the Commonwealth alleged that the court abused its discretion by dismissing the charges, *sua sponte*, without the benefit of a hearing to determine the reasons for the assistant district attorney's delay. The Commonwealth alleged that the delay caused no prejudice to the defendant and no potential for a Rule 1100 violation.

The trial court did not act on the Commonwealth's motion. After the Commonwealth filed a notice of appeal, Judge Wekselman issued a Memorandum in compliance with Pa.R.A.P. 1925(a) stating that the reasons for the order appealed from appear in the transcript of the November 29, 1983, proceedings. His reasons set forth therein were that he had three additional dispositions scheduled that day; that the District Attorney's Office is staffed with a sufficient number of attorneys to staff all the trial rooms in the Criminal Division of the Allegheny Court of Common Pleas; that the court is responsible for disposing of its calendar in accordance with Rule 1100; and that the district attorney's failure to appear was inexcusable.

The Superior Court reversed the trial court and remanded the case for further proceedings. In finding that the trial court abused its discretion, the Superior Court relied on the factual circumstances and the lack of a potential Rule 1100 violation or prejudice to appellant. In addition, the court found error in the trial court's failure to at least consider the reasons for the assistant district attorney's tardiness before dismissing the charges. *Commonwealth v. Carson,* 338 Pa.Super. 492, 487 A.2d 1390 (1985).

██  While a trial court must have authority to regulate attendance upon its schedule and concommitant authority to

sanction a breach, the sanction must be visited upon the offender and not upon the interests of public justice. The failure of a party to observe the orders of a court may result in a loss to a party in a civil action, because there the loss falls upon private interests and those who invoke the power of a court must be obedient to its orders or lose its powers to serve their purposes. Criminal cases involve issues of public justice; issues that transcend the immediate parties. In criminal cases, sanctions may be imposed upon individuals, including counsel for either side; sanctions that vindicate the authority of the court to maintain its schedule and enforce its orders.

The failure of a party to appear at a scheduled time must involve more than a mere failure of time; the failure must involve a failure of justice or prejudice to a defendant to justify the discharge of a criminal action. When such interests are not involved, the offending party may be otherwise sanctioned without defeating the public interest. Such was not demonstrated here.

Affirmed.

PAPADAKOS, J., joins in this opinion and files a separate concurring opinion.

PAPADAKOS, Justice, concurring.

With a great deal of reluctance, I must join because the rationale employed by the Majority makes eminent good sense. The indifference of the District Attorney's Office shown in this case to the scheduling of cases by the Court in its effort to keep its head above water and ahead of a backbreaking load cannot inure to the benefit of a defendant who suffers no injustice from the delays of the assistant district attorney who cavalierly exemplified a gross indifference to the proper demands of Judge Wekselman. In effect, the assistant district attorney told the Judge, "Sit on your thumbs until I finish in another court. Then I'll be over to try this case." Judge Wekselman did not double-schedule this assistant district attorney. Judge Staisey did

not schedule this assistant district attorney. The District Attorney's Office double scheduled the assistant district attorney. We all believe in cooperation, but cooperation is not a one-way street.