J-E01002-19

2019 PA Super 290

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ORONDA LIGON | : | No. 215 EDA 2017 |

Appeal from the Order December 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009244-2012

BEFORE:  PANELLA, P.J., BENDER, P.J.E., GANTMAN, P.J.E., LAZARUS, J.,
OLSON, J., KUNSELMAN, J., NICHOLS, J., MURRAY, J., and
McLAUGHLIN, J.

OPINION BY McLAUGHLIN, J.:              **FILED SEPTEMBER 24, 2019**

The Commonwealth appeals from the order dismissing its case against

Oronda Ligon on the day of trial. The Commonwealth argues the trial court

abused its discretion when it dismissed the case against Ligon because,

although the complaining witnesses were not at the courthouse, the

Commonwealth had informed the court that they were on their way and it was

ready to proceed with trial. We reverse and remand.

Police arrested Ligon in March 2012 and charged him with a large

number of crimes, including charges of robbery, burglary, and aggravated

assault, as well as violations of the Uniform Firearms Act.[1] The charges

---

[1] In all, he was charged with two counts each of robbery (threat of immediate
serious injury), conspiracy, unlawful restraint (serious bodily injury), theft by
unlawful taking, receiving stolen property, terroristic threats, simple assault,
recklessly endangering another person, and false imprisonment. He was also

stemmed from the September 2011 robbery and assault of Carl Brady and his grandmother, Doris Martin.

After five continuances of the preliminary hearing, Ligon was held for trial. The court then granted copious continuances of the trial; Ligon requested most of the continuances. He was subject to unrelated charges in federal court and told the Commonwealth that he wanted to resolve those charges before pleading guilty in this matter. Ligon ultimately elected to go to trial in this case and, after additional continuances, the case was reassigned to a new trial judge. The new judge granted two more continuances, one due to a court conflict and one because the prosecutor had another trial.

The trial in this case finally began on Monday, December 5, 2016, and on that day, the parties picked a jury. The following morning, before the jury came into the courtroom, the assistant district attorney ("ADA") told the trial court that the complaining witnesses had not arrived. N.T., 12/6/16, at 3. The ADA stated that, although she had arranged a ride for the complaining witnesses, when the ride arrived, they did not answer the door. *Id*. at 3, 12. The ADA said she had been in "constant contact" with them, having spoken with both the day before trial and having met with one of them on the Friday preceding trial. *Id.* 3-4. The ADA asked for "a little bit more time" for the

---

charged with one count each of aggravated assault, burglary, criminal trespass, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possessing instruments of crime. 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903(c), 2902(a)(1), 3921(a), 3925(a), 2706(a)(1), 2701(a), 2705, 2903(a), 2702(a), 3502(a), 3503(a)(1)(i), 6106(a)(1), 6108, and 907(a), respectively.

witnesses to arrive. *Id.* at 3. The court said it could "probably give [the Commonwealth] till 11." *Id.* at 4.

When the court reconvened at 11:00 a.m., a second ADA explained that the probation officer of complaining witness Carl Brady was attempting to contact him, and the Commonwealth had arranged "for transportation to go to his house, since he is in a wheelchair to get him into that vehicle and come down to court." *Id.* at 8. The ADA stated she "should have confirmation that all of that is happening in about 20 to 30 minutes." *Id.* The court said it would recess the proceedings until 11:45 a.m. *Id.* at 16.

The Court reconvened at 12:00 p.m., and the first ADA said the witnesses were "on their way," said she was ready to proceed with trial, and asked if she could begin with her opening statement. *Id.* at 17. The trial court replied that the witnesses were supposed to be there at 9:30 a.m. The ADA again advised the court that the witnesses were on their way. She said she was ready to begin with her opening statement and could put on another witness, by the end of which she was "absolutely certain" the complaining witnesses would arrive. *Id.* at 17-18. The trial court declined to allow the prosecution to begin. It instead dismissed the charges, stating, "Okay. Well, the case is discharged." *Id.* at 18.

The Commonwealth filed this appeal.[2] In its Pa.R.A.P. 1925(a) opinion, the trial court stated that it dismissed the case because, in the absence of the complaining witnesses, the prosecution would be unable to make out a *prima facie* case. Trial Court Opinion, filed July 19, 2017, at 3. The court also opined that the order from which the Commonwealth had appealed was not a final order, because the dismissal was without prejudice and the Commonwealth could refile the charges. ***Id.*** at 2. The court stated:

> In this case, this court dismissed the criminal complaint against [Ligon] in light of the Commonwealth's failure to make a *prima facie* case due to the absence of the complaining witnesses on the date set for trial, nearly five years after the complaint was filed. Finally on the date of trial, a jury was selected and waited patiently on the following day for hours before the case was dismissed. This court did not dismiss the complaint with prejudice. At the trial readiness conference on December 5, 2016, the Commonwealth asserted that it was ready to proceed to trial. On December 6th at trial, the Commonwealth failed to have the complaining witnesses appear in court for necessary testimony. Thereupon, this court dismissed the complaint against [Ligon]. As in [***Commonwealth v. Jones***, 676 A.2d 251 (Pa.Super. 1996)] and [***Commonwealth v. Waller***, 682 A.2d 1292 (Pa.Super. 1996) (*en banc*)], this court's dismissal was based upon the Commonwealth's failure to present necessary witnesses to make a *prima facie* case. In neither the docket nor the transcripts did this court ever represent the dismissal to be with prejudice. This court also notes that the dismissal of the complaint occurred 1,782 days after the complaints had originally been filed. Therefore, the Commonwealth's appeal

---

[2] The Commonwealth also filed a motion to re-instate the bills of information, which the trial court denied. The Commonwealth appealed from that order, and we consolidated the two appeals. ***See Commonwealth v. Ligon***, 375 EDA 2017. Because the Commonwealth is no longer pursuing that appeal, we have remitted the record to the trial court. ***See*** Order, filed 8/30/18, at 2.

is precluded from appellate review and its sole recourse is the refiling of criminal charges.

1925(a) Op. at 3-4 (italics added, citations to record omitted).

The Commonwealth's brief raises the following issue:

Did the trial court abuse its discretion in dismissing the case after the statute of limitations had expired because the victims – an elderly woman and a paraplegic man – were unexpectedly late for court where the Commonwealth affirmed that, despite the victim's absence, it was ready for trial, and [Ligon] suffered no prejudice as a result of any brief delay?

Commonwealth's Br. at 4.

## I.     The Order Discharging Ligon Is a Final Order.

The trial court is of the opinion that we lack jurisdiction because the Commonwealth's appeal is interlocutory. It reasons that the order dismissing the charges is not a final, appealable order because the Commonwealth can refile charges in the trial court. The Commonwealth counters that it is unable to refile charges because the applicable statutes of limitations had expired by the time the trial court dismissed the case, rendering the order at issue final.[3]

A party may appeal from a final order. Pa.R.A.P. 341(a). A final order includes an order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1). Often, an order dismissing criminal charges is not a final order, as the Commonwealth may refile charges. ***Commonwealth v. Waller***, 682 A.2d

_____

[3] Because the Commonwealth was unaware until the trial court filed its Rule 1925(a) opinion that the trial court believed the Commonwealth could refile charges, the Commonwealth did not waive this argument. ***See Commonwealth v. Zheng***, 908 A.2d 285, 286 (Pa.Super. 2006).

1292, 1294 (Pa.Super. 1996) (*en banc*). If, however, "the defect which requires the dismissal of [the] charges is uncurable, then the order dismissing the charges is final, and appellate review is proper." *Id.*

We faced a situation similar to the one at hand in ***Commonwealth v. Finn***, 496 A.2d 1254, 1255 (Pa.Super. 1985). There, the Commonwealth appealed from an order discharging a defendant following a preliminary hearing. We explained that such orders are ordinarily not final orders, as the Commonwealth may re-arrest the defendant. *Id.* However, in ***Finn***, the defendant was not subject to re-arrest because the statute of limitations had expired at the time of the discharge order. *Id.* We therefore concluded that the order "must be viewed . . . as a final order from which an appeal may properly be taken." *Id.*

Here, two separate statutes of limitations applied to the crimes with which Ligon was charged. For some of the crimes, such as burglary and aggravated assault, the statute of limitations was five years. 42 Pa.C.S.A. § 5552(b). For others, the statute of limitations was two years. 42 Pa.C.S.A § 5552(a). Ligon was charged with committing the crimes on September 11, 2011. Therefore, the statutes of limitations had expired at the latest on September 11, 2016, months before the court dismissed all charges on December 6, 2016.

Consistent with ***Finn***, we conclude that where, as here, the statute of limitations expired before the trial court dismissed the charge at issue, such that the Commonwealth cannot refile the charges, the order dismissing the

charges is final and appealable. *See Waller*, 682 A.2d at 1294; *Finn*, 496 A.2d at 1255. Because the order was final and appealable, we have jurisdiction and will address the Commonwealth's issue on appeal.

**II.     The Trial Court Abused Its Discretion In Dismissing the Charges.**

On the merits, the Commonwealth argues that the trial court should not have dismissed the charges because the Commonwealth's actions were not egregious or in bad faith. It points out that at the start of the morning, it alerted the court that the witnesses were not present, and the court allowed it time to contact them. The Commonwealth adds that by the time the court dismissed the case, it had informed the court that they were en route to court and the prosecution was ready to begin.

We review an order dismissing charges against a defendant for an abuse of discretion. *Commonwealth v. Robinson*, 122 A.3d 367, 372 (Pa.Super. 2015) (citing *Commonwealth v. Kolansky*, 800 A.2d 937, 939 (Pa.Super. 2002)). A trial court has the "authority to regulate attendance upon its schedule and concomitant authority to sanction a breach[.]" *Commonwealth v. Carson*, 510 A.2d 1233, 1235 (Pa. 1986). In a civil case, it is a private party that seeks to use the court's authority to its own ends that will bear the brunt of the sanction. *Id.*

Imposing such a sanction on the Commonwealth in a criminal case, however, is a different matter. In criminal cases, any sanction the trial court imposes "must be visited upon the offender and not upon the interests of public justice." *Id.* In other words, courts must take into account the effect

the sanction will have on public interests. The court must calibrate the penalty in a criminal case to the nature of the violation, while taking into account other relevant circumstances, such as the running of the statute of limitations. The court certainly has the power to vindicate its authority, but must do so without unfairly harming the public's interest. *Id.*

We do not think the trial court struck an appropriate balance in this instance. At the time of dismissal, the Commonwealth was not in violation of any court order specifically regulating witnesses' attendance. At most, it had failed to ensure that its complaining witnesses were in court at the proper time to comply with the court's schedule. To that end, it had arranged for the witnesses' attendance ahead of time, albeit ineffectually. When the witnesses failed to show up, it promptly informed the court and asked for an extension. The court, in its discretion, gave the prosecution the leeway it requested and allowed a recess for the Commonwealth to procure the witnesses' attendance.

Yet when the Commonwealth later informed the court that it was ready to proceed, the court dismissed the charges. This was an abuse of discretion. The prosecution had assured the court that the witnesses were on their way, and proposed a solution that would allow the case to begin and give time for the witnesses to get to the courtroom. Despite having given the Commonwealth time to make such arrangements, the court refused to allow the Commonwealth to go forward with them. It instead dismissed the case on the stated belief that the Commonwealth could not make out a *prima facie* case without the complaining witnesses. The court could not know that such

was the case, and it is not for the court, barring circumstances not present here, to regulate the order of the Commonwealth's witnesses.

Although a trial court may properly take steps to regulate the presentation of evidence, it "should bear in mind that [its] undue interference, impatience, or participation in the examination of witnesses, or a severe attitude on [its] part toward witnesses . . . may tend to prevent the proper presentation of the cause, or the ascertainment of the truth in respect thereto." **Commonwealth v. McGuire**, 488 A.2d 1144, 1152 (Pa.Super. 1985) (*en banc*) (quoting **Commonwealth v. Myma**, 123 A. 486, 508-09 (Pa. 1924)).

The court here failed to abide by **McGuire**'s admonition. It went too far, under these circumstances, in refusing to allow the Commonwealth to give its opening statement and put on another witness. Having allowed the Commonwealth time to bring the witnesses to the courtroom, the court could not dismiss the case immediately after the ADA stated she was ready. The court's actions amounted to undue interference with the Commonwealth's presentation of its case and prevented "the proper presentation of the cause, or the ascertainment of the truth[.]" **Id.** The court's dismissal order was an abuse of discretion, and we reverse it and remand the case for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/24/19