## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
RIGDELL MAURICE FARMER, JR.,
Respondent.

No. 80774

FILED

MAY 20 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting respondent's motion to dismiss. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1]

The State charged respondent Rigdell Farmer, Jr., by information with attempted murder with the use of a deadly weapon and two counts of battery with the use of a deadly weapon resulting in substantial bodily harm. After confirming the parties were ready for trial, the overflow court assigned the case and told the parties that trial would begin on February 24, 2020, at 1:30 p.m., and at 10 a.m. the rest of the week. On the morning of February 24, the State met with the victim, the State's planned first witness, and told him to arrive at 10 a.m. on February 25, in order to testify. The State believed opening statements would begin at 10 a.m., and wanted to have the witness arrive early.

On the first day of trial, the district court informed the parties that trial would begin at 9:30 a.m., not 10 a.m., for the rest of the week. The State had informed the victim to be at the courtroom by 10 a.m. and, because the victim was homeless and did not have a phone, it could not

---

[1]The Honorable Douglas Herndon, Justice, voluntarily recused himself from participation in this matter.

21-14602

reach him to inform him of the new start time. Trial began promptly at 9:30 a.m. the next day. Opening statements finished at 10:02 a.m., at which time the court asked the State to call its first witness. Because the victim was not present, the district court allowed the State a brief recess, after which it told the State to call a witness or "I'm going to ask if you rest." The State informed the district court that the expected victim-witness was not there yet. The State further said it had two backup "witnesses ready to go" via audiovisual means, but also that it was unsure if the witnesses were actually ready to testify, to which the court responded, "If they're not available, I'm not waiting for twenty minutes. I will ask you if you rest." The State called one of the audiovisual witnesses, who had been told to be ready to testify at 11 a.m., but the court's executive assistant explained that the witness had contacted the court twenty minutes earlier and said he would not be available for another 45 minutes as he was unexpectedly driving another individual to work.

The court recessed for another 10 minutes to allow the State to find a witness, after which the State informed the court it would not have a witness for another 20 minutes. Farmer orally moved to dismiss the case. The court asked if the State rested, and the State responded, "No, we don't, Your Honor. We're waiting for our witness." The court stated, "I'm not going to wait an additional 20 minutes. If you have another witness who's here in the courthouse that you'd like to call, I'd be happy to wait for five minutes for you to get a witness." The State did not call a witness, as it represented it could not get one there sooner than 20 minutes, nor did it request a continuance, so the court granted Farmer's motion to dismiss at 10:22 a.m.

In its written order, the court noted that the State did not raise any issue related to the arrival of its first witness before trial started. Further, the court noted that the State's next two witnesses were in a vehicle and unable to testify when called, and when the court asked it to call another of its 25 noticed witnesses, which included its own investigator, lead detective, and over 20 Las Vegas Metropolitan Police Department officers, the State refused to call any other witnesses nor did it make a motion to continue under EDCR 7.30(a)-(b), and instead requested another recess. Because the State had no witnesses available, the court granted Farmer's motion to dismiss under "its inherent powers."

*The district court abused its discretion by dismissing the information*

We review a district court's order dismissing a criminal charging document for an abuse of discretion. *Morgan v. State*, 134 Nev. 200, 205, 416 P.3d 212, 220 (2018). A district court abuses its discretion if its "decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). The State argues the district court abused its discretion by dismissing the case as that was too severe a sanction for the State's delay. We agree.

As the district court's discussion and written order make clear, it dismissed the case as a sanction because the State was not prepared for trial. While the district court has the inherent authority to dismiss charges, *see State v. Babayan*, 106 Nev. 155, 173, 787 P.2d 805, 817 (1990), this authority "should be exercised circumspectly," *Sparks v. Bare*, 132 Nev. 426, 433, 373 P.3d 864, 868 (2016) (observing that "[i]nherent powers, '[b]ecause of their very potency, . . . must be exercised with restraint and discretion' and a 'primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process'"

SUPREME COURT
OF
NEVADA

(O) 1947A

(alteration and omission in original) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991))); *see also Commonwealth v. Ligon*, 219 A.3d 1181, 1186 (Pa. Super. Ct. 2019) (reasoning that "[t]he court must calibrate the penalty in a criminal case to the nature of the violation, while taking into account other relevant circumstances," including the effect the dismissal will have on public interests). A district court may appropriately dismiss charges against a criminal defendant based on prosecutorial misconduct, but such a sanction is generally limited to misconduct that prejudices a defendant at a constitutional level, such as failing to present to the grand jury exculpatory evidence and relevant information about investigators' conflicts of interest. *See Babayan*, 106 Nev. at 171, 787 P.2d at 817 (analyzing whether the sanction of dismissing indictments with prejudice was too extreme to address the prosecutorial misconduct at issue); *State v. Greenshields*, 932 N.W.2d 903, 906 (N.D. 2019) (holding that dismissal "should only be used in extreme circumstances, and only after consideration of alternative, less severe sanctions").

Here, the district court did not consider whether the witnesses' tardiness prejudiced the defendant, and nothing in the record indicates that it did, nor did the court consider the significant public interests impacted by the dismissal of charges for attempted murder with the use of a deadly weapon and two counts of battery with use of a deadly weapon resulting in substantial bodily harm based on the State's delay. Although the record supports the district court's finding that the State was not adequately prepared to begin trial, a less severe sanction could have appropriately addressed the State's failure, but no such lesser sanctions were even

considered.[2] *Cf. Blanco v. Blanco*, 129 Nev. 723, 729-30, 311 P.3d 1170, 1174 (2013) (holding, in the civil context, that a district court must consider, among other factors, whether lesser sanctions may resolve a discovery abuse before dismissing the case). Under the circumstances, we conclude that without consideration of these relevant factors, dismissal of the case rather than waiting an additional 20 minutes was an abuse of discretion.

Based on the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                              Stiglich

_____, J.        _____, J.
Cadish                                   Silver

_____, J.
Pickering

---

[2]We do not condone the State's conduct in this case. When the State affirms it is ready to begin trial, it has an obligation to ensure its witnesses are ready and available. When faced with unavailable witnesses, the State has alternative rule-based options, such as requesting a continuance, as opposed to insisting that the defendant, defense counsel, defense witnesses, the jury, and the court, which has other matters on its calendar, wait for the State's preferred witnesses to appear.

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A