490 A.2d 862

**COMMONWEALTH of Pennsylvania**

v.

**Phyllis E. FRY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1984.

Filed March 22, 1985.

Samuel K. Gates, York, for appellant.

Lillian M. Morgan, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and DEL SOLE, JJ.

WICKERSHAM, Judge:

Phyllis Elaine Fry, appellant herein, was tried before the Honorable James E. Buckingham and a jury on November 25, 1983 and was convicted of driving while the amount of alcohol in the blood was 0.10 or greater. The same jury found her not guilty of driving under the influence of alcohol.

Appellant Fry's arrest had occurred on July 2, 1983 and the applicable statutory authority provided:

§ 3731. **Driving under influence of alcohol or controlled substance**

(a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

(1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as "The Controlled Substance, Drug, Device and Cosmetic Act," to a degree which renders the person incapable of safe driving;

(3) under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving; or

(4) the amount of alcohol by weight in the blood of the person of 0.10% or greater.

\* \* \* \* \* \*

(e) **Penalty.**—

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree

and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours. . . .

75 Pa.C.S.A. § 3731 (footnote omitted).

Following the denial of post verdict motions, and sentencing, this appeal followed. The issue before us is:

Is 75 Pa.C.S.A. 3731(a)(4) a separate crime?

Brief for Appellant at 5.

In *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983) our supreme court clearly upheld the distinct nature of the offenses defined in § 3731(a)(1) and § 3731(a)(4). A verdict of guilty under either or both subsections is legally permissible. In *Mikulan* the court pointed out:

One of the solutions chosen by our legislature to combat this epidemic was to make it unlawful to drive, operate or physically control the movement of any vehicle while the amount of alcohol by weight in the blood is 0.10% or greater. It "is now virtually universally accepted that a person with a [blood alcohol percent] of 0.10 should not be driving."

\*       \*       \*       \*       \*       \*

Instead, the General Assembly chose not to prohibit a moderate amount of drinking before driving but placed drivers on notice that if their alcohol consumption rendered the driver "incapable of safe driving", § 3731(a)(1), *or* produced a blood alcohol content by weight of 0.10% or greater, § 3731(a)(4), that driver would then be considered a risk to society and in violation of the Motor Vehicle Code.

*Id.*, 504 Pa. at 249–54, 470 A.2d at 1340–41 (emphasis added).

Judgment of sentence affirmed.