## Commonwealth v. Morley

*Richard A. Hernan, district attorney,* for the commonwealth.

*James C. Blackman,* for defendant.

WOLFE, *J.,* March 13, 1987—On September 14, 1986, defendant was charged with operating a motor vehicle while under the influence of alcohol to the degree which rendered him incapable of safe driving in violation of section 3731(a)(1) of the Motor Vehicle Code, a misdemeanor of second degree; likewise, defendant was charged with operating a motor vehicle while the amount of alcohol by weight in his blood was 0.1 percent or greater, in violation of section 3731(a)(4) of the Motor Vehicle Code, a misdemeanor of the second degree.

Defendant's jury found him not guilty of the former charge, but guilty of the latter.

Defendant has filed a timely post-trial motion seeking a judgment non obstante veredicto to the latter charge, arguing the inconsistency of the verdict triggers a violation of his constitutional rights, to-wit, being placed twice in jeopardy for the same offense.

We have found no reported cases resolving this argument, but after research we are compelled to deny the motion.

Section 3731 of the Motor Vehicle Code prohibits the driving under the influence of alcohol or a controlled substance and provides:

"(a) OFFENSE DEFINED. A PERSON SHALL NOT DRIVE, OPERATE OR BE IN ACTUAL PHYSICAL CONTROL OF THE MOVEMENTS OF ANY VEHICLE WHILE:

(1) Under the influence of alcohol to a degree which renders the person incapable of safe driving;

(2) . . .

(3) . . .

(4) The amount of alcohol by weight in the blood of a person is 0.1 percent or greater."

The statute addresses but one offense, to-wit, the prohibition of driving, operating or being in actual physical control of the movements of any vehicle while under the influence of alcohol which renders the accused incapable of safe driving (while the amount of alcohol by weight in the blood of the person is .1 percent or greater).

A study of the code makes it apparent, considering all elements of the code, the commonwealth may charge an accused separately or in combination of violation of the elements and in its presentation of proof, depending upon the facts, may prove all of the elements, some of them or none of them.

Irrespective of the commonwealth's position, it is unassailable the charge is for one offense, to-wit, operating a motor vehicle while in violation of either all the subsections of section 3731 or some of them, and there is but one criminal episode.

The penalty provisions of section 3731 for violations of any of the provisions thereof are the same, namely:

"Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentence in court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

"(A graduated increased incarceration from a minimum of not less than 48 consecutive hours to not less than one year, depending upon prior convictions.)"

The double jeopardy clause of the United States Constitution applies to the states through the 14th Amendment, *Benton v. Maryland*, 395 U.S. 784, 794, 89 Supreme Ct. 2056, 2062 (1969), and states: "Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . . ."

As was discussed in *Commonwealth v. Capana*, 452 Pa. 233, 304 A.2d 432 (1971), at 241:

"While courts and commentators remain undecided whether the clause (double jeopardy) governs the question of how many separate criminal offenses a defendant can be punished for at a single trial, authorities are unanimous that the principle purpose of the double jeopardy clause is to prevent 'repeated attempts to convict an individual of an alleged offense' through a series of prosecutions. As Mr. Chief Justice Burger has noted: 'The prohibition is not against being twice punished, but against twice put in jeopardy . . . .' The 'twice put in jeop-

ardy' language of the Constitution thus relates to a potential, that is, the risk that an accused for a second time will be convicted of the same offense for which he was initially tried."

Defendant argues that since he was first found to be innocent of violation of section 3731(a)(1) and subsequently found guilty of violation of section 3731(a)(4), he was thus twice placed in jeopardy. This is a novel argument but without substance. Defendant's reliance on *Commonwealth v. Fry,* 340 Pa. Super. 445, 490 A.2d 862 (1985) and *Commonwealth v. Mikulan,* 504 Pa. 244, 47 A.2d 1339 (1983) are not applicable to the issue here. In *Commonwealth v. Mikulan,* supra, the court addressed section 3771(1)(4) only and found the allegation that this section was unconstitutional due to vagueness was without merit. In *Commonwealth v. Fry, supra.,* we agree with defendant the court mis-cited the holding of *Mikulan* in that in *Fry* it is stated the court in *Mikulan* "clearly upheld the distinct nature of the offenses defined in section 3731(a)(1) and section 3731(a)(4). A verdict of guilty under either or both subsections is legally permissible." This simply is not the holding of *Mikulan. Mikulan* holds only section 3731(a)(4) is not unconstitutional due to vagueness.

The Constitutions of both the United States and this commonwealth prohibits prosecution "for the same offense." In our view operating a motor vehicle while under the influence of alcohol is one offense, albeit the method of proof is different and the Constitution does not bar multiple methods of proof of violation of one criminal episode. The case of *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) is instructive, the court stated, in addressing multiple charges in one indictment (gambling):

"It is Congress, and not the prosecution, which establishes and defines offenses. Few, if any, limitations are imposed by the double jeopardy clause on the legislative power to define offenses. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed 2d 187 (1977). But once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution,' *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1957); *Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1947); *In Re: Nielsen*, 131 U.S. 176, 93 S.Ct. 672, 33 L.Ed. 118 (1889), that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice.

"The allowable unit of prosecution under section 1955 is defined as participation in a single 'illegal gambling business.' "

It is held, despite the right of the prosecution to pursue multiple criminal offenses in one indictment, this does not, however, permit the prosecution to avoid a double jeopardy prohibition by dividing a single crime into a series of "temporal or spatial" units or "discrete bases of liability" not defined as such by the Legislature. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187; *Sanabria v. U.S.*, supra. This means the commonwealth may not "fragment a single crime into its components, or make one offense into two offenses for which two separate punishments are imposed. *Sanabria v. U.S.*, supra.

Instantly, the legislative prohibition is the operation of a motor vehicle while under the influence of

alcohol and the prosecution is afforded under that legislation four components of proof. Thus, the failure of proof of one component is not a bar to proof of another component of the same single charge or criminal episode. Here, defendant was not acquitted on the charge of operating while under the influence and thus the plea of double jeopardy is not viable. Additionally, the act permits but one punishment for violation of the act.

For these reasons we enter the following

## ORDER

And now, this March 13, 1987, defendant's posttrial motion is denied.