## Commonwealth v. Gawrys

*Jay Lantzy, assistant district attorney,* for the Commonwealth.

*John A. Boccabella,* for defendant.

LUDGATE, *J.,* July 2, 1991—Defendant waived a preliminary hearing on the charge of driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(1) and (a)(4), on December 20, 1990. Summary charges of fleeing or attempting to elude police, under section 3733; driving without lights to avoid identification, section 3734; driving at unsafe speed, section 3361; and reckless driving, section 3714; were all waived into court along with the driving under the influence

of alcohol charges. Defendant was cited for three stop sign infractions, driving without lights to avoid identification or arrest, driving vehicle at unsafe speed and reckless driving by the Shillington Police Department for the same occurrence, which occurred in Shillington on November 22, 1990. Defendant argues that his pleading guilty to the summary offenses which arose from the same incident prevent the Commonwealth from proceeding with driving under the influence of alcohol charges against defendant.

Defendant relies upon the Supreme Court of the United States decision in *Grady v. Corbin,* 495 U.S. ___, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Grady,* the United States Supreme Court held that "the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of offense charged in that prosecution, would prove conduct that constitutes an offense for which the defendant has already been prosecuted . . ... The critical inquiry is what conduct the state will prove, not the evidence the state will use to prove that conduct." *Grady* at 109 L.Ed.2d 564.

Defendant stands charged with the violations of section 3731(a)(1) and (a)(4). In order to convict defendant of driving under the influence of alcohol, under section 3731(a)(1), the Commonwealth must prove that defendant drove, operated or was in actual physical control of the movement of his vehicle, while under the influence of alcohol to a degree which renders him incapable of safe driving. Therefore, the Commonwealth must prove that defendant was operating a motor vehicle while under the influence of alcohol to a degree that he was incapable of safe driving. The conduct by which the Commonwealth would seek to prove that defendant

was incapable of safe driving was clearly the stop sign violations and the conduct involved in the summary offenses, to which defendant entered pleas. Thus, the Commonwealth would seek to use conduct for which defendant had previously been convicted in order to prosecute defendant for the violation of 3731(a)(1). Therefore conduct is barred from proceeding on the section (a)(1) charge by the Double Jeopardy Clause and by the principles announced in *Grady v. Corbin, supra.*

However, defendant is also charged with the violation of section 3731(a)(4) of the Vehicle Code. The Vehicle Code prohibits anyone from driving, operating or being in actual physical control of the movement of a motor vehicle when his or her blood alcohol by weight is 0.10 percent or greater. 75 Pa.C.S. §3731(a)(4). In *Commonwealth v. Fry,* 340 Pa. Super. 445, 490 A.2d 862 (1985), the Superior Court held that the subsections of the drunk driving law are distinct offenses. In *Commonwealth v. Kline,* 02424PHL1990, slip op., the Superior Court reasoned that *Grady, supra,* and its decision in *Commonwealth v. Labelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990) (en banc), compelled the court to affirm this court's dismissal of a driving under the influence charge where the defendant had previously pled guilty to the summary offense of failing to drive to the right, and was charged with a violation of 75 Pa.C.S. §3731(a)(1). The Superior Court held that based on the facts, the Commonwealth would necessarily prove the conduct of failing to drive to the right in its DUI prosecution, thus double jeopardy bars the DUI prosecution. *Kline,* slip op. at 9.

The Superior Court noted, in dicta, that if defendant had "consented to a blood alcohol test and [defendant's] blood alcohol content was shown to be 0.10 percent by weight or greater, proof of that fact,

along with the fact that [defendant] operated the vehicle would be sufficient to support the conviction for driving under the influence under section 3731(a)(4). The statute permits the fact finder to infer that anyone with a blood alcohol level of 0.10 percent or more, is under the influence of alcohol and should not be driving." *Kline,* slip op. at 9-10.

Therefore, the Commonwealth may proceed against defendant on the section (a)(4) charge, which does not require the Commonwealth to prove conduct which would render the defendant incapable of safe driving, but merely that the defendant's blood alcohol level was 0.10 percent or greater by weight, while he was driving, operating, or in actual physical control of the movement of a motor vehicle.

For the above-mentioned reasons, the court will grant defendant's motion to dismiss as to the charge of section 3731(a)(1) of the Vehicle Code, but the court will deny defendant's motion to dismiss as to section 3731(a)(4) of the Vehicle Code.

### ORDER

And now, July 2, 1991, upon consideration of defendant's omnibus pretrial motion, memoranda and argument of counsel, it is hereby ordered and decreed that:

(1) Defendant's motion to dismiss as to section 3731(a)(1) of the Vehicle Code is hereby granted.

(2) Defendant's motion to dismiss as to section 3731(a)(4) of the Vehicle Code is hereby denied.