## Commonwealth v. Jacobs

*Alison Taylor, assistant district attorney,* for the Commonwealth.

*Brian J. Puhala Sr.,* for defendant.

BAYLEY, *J.,* March 26, 1993—On May 25, 1991, defendant was arrested for driving under the influence in violation of the Vehicle Code at 75 Pa.C.S. §3731(a)(1) and (a)(4), that provides:

"(a) *Offense defined*—A person shall not drive, operate or be in actual physical control of the movement of any vehicle:

"(1) while under the influence of alcohol to a degree which renders the person incapable of safe driving;...

"(4) while the amount of alcohol by weight in the blood of the person is 0.10 percent or greater."

At a preliminary hearing a district justice bound the case over on the subsection (a)(1) charge but dismissed the subsection (a)(4) charge. The Commonwealth, without refiling the subsection (a)(4) charge before a

district justice, or seeking court approval to do so, filed an information charging defendant with driving under the influence under both subsections (a)(1) and (a)(4) of section 3731. Defendant then filed a motion to quash the information as to the subsection (a)(4) charge. He alleged in the motion that, "Due to the dismissal of charges pursuant to section 3731(a)(4) defendant cannot be charged at this time for violation of said section of the Vehicle Code." The motion was dismissed by an order dated May 21, 1992. On June 10, 1992, a jury found defendant guilty of violating subsection (a)(4) of section 3731, but was unable to reach a verdict on the subsection (a)(1) charge upon which a mistrial was declared.[1] Defendant then filed a motion for arrest of judgment.[2] He set forth in his motion that he "[w]as denied his right to rebut a prima facie case as to the charges of DUI under 75 Pa.C.S. §3731(a)(4) for which he was found guilty when his pretrial motion to quash the information as to that charge was denied."[3]

Pennsylvania Rule of Criminal Procedure 225 provides in part:

---

1. The evidence at trial in a light most favorable to the Commonwealth was that defendant was stopped at 2 a.m. His blood alcohol level as measured on an Intoxilyzer 5000 at 4:05 a.m. was 0.147 percent. A toxicologist testified that based on a number of variables defendant's blood alcohol level at the time he was driving was 0.158 percent at the lowest to 0.183 percent at the highest. See *Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229 (1992); *Commonwealth v. Modaffare,* 529 Pa. 101, 601 A.2d 1233 (1992).

2. The Commonwealth has not retried him on the subsection (a)(1) charge.

3. Defendant raised other issues in his post-trial motion which were not briefed. They are waived pursuant to C.C.R.P. 210-7.

*"Information: Filing, Contents, Function"*

"(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:...

"(5) A plain and concise statement of the essential elements of the offense *substantially the same as or cognate to the offense alleged in the complaint.*" (emphasis added)

The Commonwealth relies on *Commonwealth v. Slingerland,* 358 Pa. Super. 531, 518 A.2d 266 (1986), and on a decision of this court in *Commonwealth v. Miller,* 38 Cumberland L.J. 422 (1988). In *Miller,* defendant filed a motion to quash on facts that were *exactly* the same as in the present case. We stated:

"The district attorney has authority to refile a charge without obtaining court approval. See *Commonwealth v. Hebbard,* 34 Cumberland L.J. 697 (1986), citing *Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975); *Commonwealth v. Prado,* 481 Pa. 485, 393 A.2d 8 (1978); *Commonwealth v. Genovese,* 493 Pa. 65, 425 A.2d 367 (1981). Rather than take that course of action he has reinstated the charge under subsection (a)(4) of the information, by relying on *Commonwealth v. Slingerland,* 358 Pa. Super. 531, 518 A.2d 266 (1986). In *Slingerland,* a criminal complaint filed before a district justice charged defendant with a count of driving under the influence in violation of 75 Pa.C.S. §3731(a)(1). After the charge was bound over at a preliminary hearing, the district attorney prepared and filed an information which alleged, in addition to a violation of subsection (a)(1), that Slingerland had operated a motor vehicle when the alcoholic content of his blood exceeded 0.10 percent, in violation of 75 Pa.C.S. §3731(a)(4). Slingerland filed an omnibus pre-

trial motion to quash the additional charge. The motion was denied and he was found guilty of violating subsection (a)(4).

"The Superior Court affirmed. It noted that the offenses under subsections (a)(1) and (a)(4) are separate and distinct. See *Commonwealth v. Fry,* 340 Pa. Super. 445, 490 A.2d 862 (1985). However, the court held that a district attorney could file an information under subsection (a)(4), based only upon the return of a charge under subsection (a)(1), because the two offenses are 'cognate.' The court concluded:

"The word 'cognate' is defined in Webster's Third New International Dictionary (1965) as 'related, akin or similar esp. in having the same or common or similar nature, elements, qualities or origin....' Applying this common usage of the word, it would seem that the two subsections of 75 Pa.C.S. §3731(a) define cognate offenses. Even though the elements of the offenses defined in subsections (a)(1) and (a)(4) are not identical, the offenses are similar in nature and spring from a common concern. The substantive nature of the offenses is clearly the same, namely the operation of a vehicle after alcohol has been consumed to a degree which renders the operator a hazard to others, and to himself or herself. Subsection (a)(4) presumes that an operator with a blood alcohol content of 0.10 percent or greater is unfit to drive, see: *Commonwealth v. Mikulan,* 504 Pa. 244, 249-51, 470 A.2d 1339, 1341-42 (1983); whereas subsection (a)(1) requires proof that the defendant was, in fact, incapable of safe driving because of an excessive consumption of alcohol. Both subsections, therefore, proscribe the same conduct: driving a motor vehicle while under the influence of alcohol. We conclude, therefore, that the criminal complaint charging Slingerland with driving while under the in-

fluence of alcohol to an extent which rendered him incapable of safe driving was sufficient to allow the district attorney to include in the information the cognate offense of driving while the defendant's blood alcohol content exceeded 0.10 percent.

"It 'seems' to us that the facts of this case show that subsection (a)(1) and (a)(4) are not cognate offenses. However, while we are not enamored with the holding in *Slingerland,* we are bound thereunder. Accordingly, we conclude that the district attorney in the case sub judice, *had an option either in refiling the charge* under subsection (a)(4), *or in adding it to an information* filed upon the district justice's return of a prima facie case under subsection (a)(1). Therefore, we will dismiss defendant's motion to quash count II of the information." (emphasis added)

If, as stated in *Slingerland, supra* at 535, 518 A.2d at 268, "the criminal complaint charging [appellant] with driving while under the influence of alcohol to an extent which rendered him incapable of safe driving was sufficient to allow the district attorney to include in the information the cognate offense of driving while the defendant's blood alcohol content exceeded 0.10 percent," then, in the present case, the decision of the district justice in binding over the subsection (a)(1) charge was sufficient to allow the district attorney to include in an information a subsection (a)(4) offense which is cognate to the subsection (a)(1) offense. An offense is either cognate to another offense *at the time the criminal conduct takes place* or it is not. Since the Superior Court has held that subsection (a)(1) and (a)(4) offenses are cognate, then the fact that the district justice dismissed the subsection (a)(4) charge, in contrast to where that charge was not originally filed in *Slingerland,* is a distinction of no *legal* significance. The cognate offense never had

to be filed in the first place as long as the subsection (a)(1) offense was bound over by the district justice. Since it was bound over, the district attorney legally added a subsection (a)(4) offense to the information exactly as in *Slingerland*.[4] Accordingly, our pretrial order refusing to quash the information on the subsection (a)(4) violation was properly entered, and defendant is not now entitled to an arrest of judgment of his conviction on that charge.[5]

## ORDER OF COURT

And now, March 26, 1993, the motion of defendant for an arrest of judgment is denied.

## DISSENTING OPINION

SHEELY, *P.J., joined by* OLER, *J.*—I respectfully dissent. It is my position that the facts sub judice are distinguishable from *Commonwealth v. Slingerland,* 358 Pa. Super. 531, 518 A.2d 266 (1986). In *Slingerland,* the subsection (a)(1) offense was bound over and the subsection (a)(4) offense was added to the information without determination of whether a prima facie case was established by the Commonwealth. Under these facts, the *Slingerland* court held that cognate offenses can be added to the information. In the case sub judice, however, the subsection (a)(4) offense was dismissed for a lack of evidence to establish a prima facie case. The well-

---

4. See also, *Commonwealth v. Dungan,* 372 Pa. Super. 323, 539 A.2d 817 (1988).

5. In his omnibus pretrial motion for relief, defendant did not challenge the sufficiency of the evidence to support the subsection (a)(4) charge. We note that his only averment in his post-trial motion, that he is entitled to an arrest of judgment because he "was denied his right to rebut the prima facie case" as to the subsection (1)(4) charge, could not have prejudiced him because the Commonwealth proved beyond a reasonable doubt that he did violate that subsection.

written majority opinion characterizes this as a distinction with no legal significance. I disagree. Where the (a)(4) charge is dismissed at the preliminary hearing, the district attorney should be required to refile the charge before proceeding. To hold otherwise is to make a mockery of the significance of a preliminary hearing. To hold that the *Slingerland* holding applies would extend that holding beyond its facts. Since it is my opinion that *Slingerland* does not apply, it follows that the Commonwealth, under these facts, may not add the subsection (a)(4) offense and the information should have been quashed.