[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE NOS. 131 AND 132
On March 6, 1995, the plaintiff, Mundaca Investment Corporation (Mundaca), filed a complaint against the following defendants, seeking foreclosure on two mortgages: Homespun, a general partnership; James B. Cooper; Lisa D. Cooper; Thomas R. Swetts; Cheryl C. Swetts; Traders Company; Goldstein Peck, P.C.; and Newtown Savings Bank.
In the first count of its complaint, Mundaca alleges that it is the assignee of a mortgage executed by James Cooper and Lisa Cooper on premises known as 38 Aunt Park Lane in Newtown, Connecticut (the Cooper mortgage). The mortgage was used to secure a note made by Homespun, which was guaranteed by defendants, James Cooper, Lisa Cooper, Cheryl Swetts and Thomas Swetts.
In the second count of its complaint, Mundaca alleges that it is the assignee of a similar mortgage executed by defendants, CT Page 13294 Cheryl Swetts and Thomas Swetts, on property known as 50 Aunt Park Lane in Newtown, Connecticut (the Swetts' mortgage). The Swetts' mortgage was used to secure the same note executed by Homespun and guaranteed by the four above-named individual defendants. Mundaca alleges that both notes are in default and is seeking to foreclose on the mortgages for both properties.
Mundaca further alleges that the remaining defendants, as well as other persons and entities not parties to this action, may claim an interest in one or both properties by virtue of liens or judgments against the property.
On May 1, 1995, Thomas Swetts and Cheryl Swetts filed an answer to the complaint and asserted, by way of special defense, that: (1) Mundaca is "not a Connecticut corporation and is not a foreign corporation qualified to transact business in Connecticut"; (2) Mundaca "is not permitted to maintain any action or suit in Connecticut"; and (3) "neither Thomas R. Swetts nor Cheryl C. Swetts is a general partner of Homespun."
On June 27, 1995, Mundaca filed a motion to strike the special defenses[1] of Thomas and Cheryl Swetts on the ground that they are legally insufficient defenses. In its memorandum of law in support of the motion, Mundaca argues that all three defenses are legally insufficient defenses to a foreclosure action, and that in any event, the Swetts' have merely stated legal conclusions without any factual predicate. Finally, Mundaca argues that even if the Swetts' had pleaded facts in support of their special defenses, the Swetts' substantive argument with regard to Mundaca's alleged noncorporate status would still fail as it is legally insufficient.
In their memorandum in opposition to Mundaca's motion to strike, the Swetts' argue that they may properly raise as a defense Mundaca's capacity, or lack thereof, to maintain this action. They argue that their special defense regarding Mundaca's corporate status "is consistent with the allegations of the Plaintiff's Complaint but shows, not withstanding, that the Plaintiff has no cause of action," and is therefore appropriately raised as a special defense. In a supplemental memorandum of law in opposition to Mundaca's motion to strike, the Swetts' briefly argue that their special defense is proper because it challenges Mundaca's standing to bring a cause of action.
In addition, the Swetts' argue that their disclosure of a CT Page 13295 defense on April 17, 1995, wherein they alleged that Mundaca is "not a valid corporation authorized to do business in Connecticut," satisfies the requirement that a special defense allege facts in support of the defense. In other words, the Swetts' apparently believe that by filing a "disclosure of defense" statement in response to a demand by the plaintiff, they need not plead facts in support of their special defense on those issues.
"A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense." GatewayBank v. Herman, Superior Court, Judicial District of Danbury at Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.); Practice Book § 152(5).
"In ruling on a motion to strike, the court is limited to the facts alleged in the . . . [pleading]." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]." (Internal quotation marks omitted; first alteration in original.) Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 490 A.2d 862 (1992).
With regard to the first and second special defenses, the Swetts' have simply flatly asserted that Mundaca: (1) "is not a Connecticut corporation . . . [nor] a foreign corporation qualified to transact business in Connecticut," and (2) "is not permitted to maintain any action or suit in Connecticut." However, the Swetts' have not made any factual allegations in support of these statements. Rather, both special defenses consist of one-sentence legal conclusions as to why the Swetts' believe Mundaca cannot prevail.
The law is clear that a special defense cannot consist of legal conclusions. Moreover, the fact that the Swetts' filed a "disclosure of defense" statement in response to a request by Mundaca does not relieve them of their burden to specifically plead facts in support of their special defense on that issue, since "[i]n ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]." Novametrix Medical Systems,Inc. v. BOC Group, Inc., supra, 224 Conn. 215. For the foregoing reasons, the Swetts' first and second special defenses are stricken. CT Page 13296
In their third special defense, the Swetts' have alleged that they are not general partners of Homespun. However, there is no allegation in the complaint that the Swetts' were partners of Homespun. Moreover, such an assertion, even if true, does not provide a defense to a foreclosure action. "Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, accident, mistake or fraud, unconscionability, abandonment of security, and usury." (Citations omitted.) Gateway Bank v. Herman, Superior Court, Judicial District of Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.). Thus, the Swetts' assertion that they are not general partners of Homespun does not provide a legally sufficient defense to this foreclosure action. As such, their third special defense is insufficient and is stricken.
Accordingly, Mundaca's motion to strike is granted in its entirety, and the defendants' objection to plaintiff's motion to strike (132) is overruled.