393 A.2d 8

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Anthony PRADO, Appellee (four cases).**

Supreme Court of Pennsylvania.

Submitted April 20, 1978.

Decided Oct. 5, 1978.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Philadelphia, for appellant.

Joseph C. Santaguida, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellee, Anthony Prado, was arrested on charges of criminal homicide, murder, possessing an instrument of crime and possessing a prohibited offensive weapon. Following a preliminary hearing before the Municipal Court of Philadelphia, appellee was discharged for lack of a prima facie case. One month later, the Administrative Judge of the Court of Common Pleas issued a rearrest warrant. Appellee was again discharged when, after a second preliminary hearing, a Judge of the Court of Common Pleas also found no prima facie case. Subsequently, the prosecution filed yet another Petition to Rearrest. No additional evidence was presented, and that petition was denied. The prosecution now appeals the orders entered by the Court of Common Pleas discharging appellee and denying the prosecution's latest Petition to Rearrest.

Ordinarily, orders such as the ones before us are not appealable since the individual is subject to rearrest. We have long held that the conclusion by a committing magistrate that the prosecution has failed to establish a prima facie case is not a final determination of guilt such as an acquittal. The prosecution may bring the matter again before any other officer empowered to hold a preliminary hearing. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975); *McNair's Petition*, 324 Pa. 49, 187 A. 498 (1936). This position was reaffirmed and held applicable when the committing magistrate is a judge of the Court of Common Pleas. *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969). In *Commonwealth v. Hetherington, supra*, we stated:

> "[W]here . . . no additional evidence was to be presented in the subsequent proceeding we cannot say that a judge who refuses to entertain a petition for rearrest has abused her discretion. This does not preclude the Commonwealth from seeking a review by another judicial officer, empowered to hold preliminary hearings . . . ." 460 Pa. at 22–23, 331 A.2d at 208.

These cases remain viable precedent. They are, however, inapplicable in this case. Because of the procedural aspects of this case, we believe that the orders of the lower court are appealable.

█ Local Philadelphia Criminal Rules provide that rearrest petitions and preliminary hearings in homicide cases are to be assigned to the Motion Court Judge. Rule 500(H) of those Rules states:

(H) Appeal By Way of Re-arrest

When an appeal by way of re-arrest is taken by the Commonwealth, the Judge assigned to the Common Pleas Court Motion Court shall hold the Preliminary Arraignment. The preliminary hearing shall likewise be scheduled in the Common Pleas Court Motion Court.

Rule 605 further provides:

Rule 605. Motions Court—Felony Jury and Homicide Cases

All Pretrial Motions applicable to cases in the Felony Jury or Homicide Program will be scheduled by the applicable Calendar Judge and heard by the Motions Court Judge assigned to that program . . .

Under Philadelphia Criminal Rules 500(H) and 605, therefore, only the assigned Motions Court Judge may review a request for rearrest in a homicide case.

Judge Marshall, the only judge empowered to conduct a preliminary hearing for a homicide case, refused to grant the petition to rearrest appellee. The prosecution is thus effectively barred from rearresting appellee because of the provisions of the Philadelphia Criminal Rules that only the assigned Motions Court Judge may review such a request.

As a result, the *Hetherington* approach of "seeking a review by another judicial officer" is not available in Philadelphia. We therefore find that the orders discharging appellee and denying the rearrest petition constitute final orders subject to appellate review. *Commonwealth v. Barnett*, 471 Pa. 34, 369 A.2d 1180 (1977); *Commonwealth v. Gullett*, 459 Pa. 431, 329 A.2d 513 (1974).

Neither party has challenged the validity of the Philadelphia Criminal Rules *per se*. Indeed, appellant recognizes the "considerable merit" of the policy embodied in Rules 500(H) and 605—prevention of abuse of the power to rearrest and avoidance of "judge shopping".

Having concluded that the court's orders discharging the appellee and refusing the prosecution's petition to rearrest are final orders subject to appellate review, we proceed to the question of whether the lower court erred when it found that the prosecution failed to establish a prima facie case.

█ The principal function of a preliminary hearing is to protect the individual against unlawful detention. The prosecution, therefore, has the burden of establishing "at least prima facie that a crime has been committed *and the accused is the one who committed it." Commonwealth v. Mullen*, 460 Pa. 336, 341, 333 A.2d 755 (1975) (emphasis added). This does not mean that the prosecution must prove the accused guilty beyond a reasonable doubt. *Commonwealth v. Rick*, 244 Pa.Super. 33, 366 A.2d 302 (1976) but rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Smith*, 212 Pa.Super. 403, 244 A.2d 787 (1968).

█ The prosecution arrested and charged appellee with the murder of Frank Hurley, who was shot in a street on September 25, 1976. After a review of the evidence we agree with the lower court that the prosecution did not establish sufficient probable cause. The prosecution presented no new evidence at the second preliminary hearing and makes no offer that any new evidence would be forthcoming if we were to permit appellee's arrest for the third time. All the evidence which was presented was circumstantial. Of course circumstantial evidence may be sufficient to uphold a conviction if the inferences arising therefrom establishes facts beyond a reasonable doubt. *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth v. Cox*, 460 Pa. 566, 333 A.2d 917 (1975); *Commonwealth v. Alston*, 461 Pa. 664, 337 A.2d 597 (1975). In this case, the circumstantial evidence, even when viewed in the light most favorable to the prosecution, fails to rise

above mere suspicion and conjecture. Appellee did emerge from an alley after the shooting, but no witnesses to the shooting were presented and no evidence of the murder weapon was presented. The prosecution did introduce testimony that the wound was "probably" caused by a high velocity weapon. The only link between this and the appellee is that he once owned such a weapon. The prosecution introduced testimony to establish a motive from an altercation between appellee and Frank Hurley; however, such altercation occurred a year prior to the murder. The prosecution introduced remarks made by appellee to a sporting goods salesman that "you didn't sell any bullets to me." (R–46) and, to a detective that "you ain't never going to find my rifle, Turkey," (R–55) and asks us to *infer* that appellee was "conscious of his guilt".

These inconclusive pieces of evidence, already rejected as insufficient to establish a prima facie case at two independent preliminary hearings, are simply not enough to subject appellee to a third arrest. We must concur with the court's refusal to allow the prosecution—without any assertion of additional evidence—a "third bite at the apple".

The orders of the Court of Common Pleas of Philadelphia are affirmed.

POMEROY and NIX, JJ., dissent believing that a prima facie case was made out.