496 A.2d 1254

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael R. FINN, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 20, 1984.

Decided Aug. 9, 1985.

William P. Carlucci, Assistant District Attorney, Williamsport, for Commonwealth, appellant.

Peter T. Campana, Williamsport, for appellee.

Before CAVANAUGH, McEWEN and ROBERTS, JJ.

McEWEN, Judge:

We here consider an appeal by the Commonwealth from an order which discharged appellee following a preliminary hearing held before a Common Pleas Court Judge. *See Commonwealth ex rel. Riggins v. Superintendent of Philadelphia Prisons*, 438 Pa. 160, 263 A.2d 754 (1970). The hearing court held that the Commonwealth had failed to establish a *prima facie* case of conspiracy to distribute controlled substances and, as a result, discharged appellant. While the distinguished Judge Clinton W. Smith has in his able opinion provided a quite persuasive rationale for his ruling, we are, nonetheless, compelled to disagree and, therefore, reverse and remand.

■ It must be preliminarily observed that such orders as the one we review are not ordinarily appealable since the defendant is normally subject to rearrest. "We have long held that the conclusion of a committing magistrate that the prosecution has failed to establish a *prima facie* case is not a final determination of guilt [or innocence] such as an acquittal. The prosecution may bring the matter before any other officer empowered to hold a preliminary hearing." *Commonwealth v. Prado*, 481 Pa. 485, 487, 393 A.2d 8, 9 (1978). Appellee was not subject to rearrest, however, because the applicable statute of limitations had expired by the time the order was entered. The order discharging appellee must be viewed, therefore, as a final order from which an appeal may properly be taken. *See Commonwealth v. Prado, supra; Praisner v. Stocker*, 313 Pa.Super. 332, 336, 459 A.2d 1255, 1258 (1983).

■ Having determined that the order discharging appellee was a final and appealable order, we proceed to determine whether the trial court correctly concluded that a *prima facie* case had not been established. The facts here are not in dispute. Whether a *prima facie* case has been established is, therefore, a question of law. As a result, the scope of our review is quite limited and the determination of the hearing court can here be reversed only if it is determined that an error of law occurred. *See Commonwealth v. Prado, supra.*

■ It is well settled that if the Commonwealth is to establish a *prima facie* case, the prosecution must show that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. Wojdak*, 502 Pa. 359, 367, 466 A.2d 991, 995 (1983). As a result, the prosecutor here was required to show probable cause (1) that appellee had entered into a criminal agreement and (2) that an overt act in furtherance of that agreement occurred. *See* 18 Pa.C.S. § 903. *See also Commonwealth v. Jackson*, 316 Pa.Super. 553, 556, 463 A.2d 1036, 1038, (1983).

As for the first requirement, we share the view of the hearing court that the evidence presented by the Commonwealth, namely, the testimony of Mr. Kirkwood and the recorded telephone conversations between appellee and Mr. Kirkwood, established that appellee and Mr. Kirkwood had agreed to promote or facilitate the commission of the crime of delivery of a controlled substance.

Once the unlawful agreement had been established, it remained for the Commonwealth to demonstrate that there had been an overt act in furtherance of the conspiracy. The overt act need not, of course, have been committed by appellee. Rather, an overt act committed by any co-conspirator in furtherance of the conspiracy will suffice to satisfy the overt act requirement in the case against appellee. 18 Pa.C.S. § 903(e). *See Commonwealth v. Craft*, 304 Pa.Super. 494, 498, 450 A.2d 1021, 1023 (1983). The Commonwealth contends that the purchase by Mr. Kirkwood of twenty-one pounds of hashish constituted the required overt act. It is true that Mr. Kirkwood, by reason of his conspiracy with several other individuals in addition to appellee, intended to purchase the hashish before his agreement with appellee. An individual need not, however, join a conspiracy at its inception to be guilty of the crime of conspiracy. *Commonwealth v. Branch*, 239 Pa.Super. 17, 21, 361 A.2d 435, 437 (1976). Here, appellee joined an already existing conspiracy to deal in controlled substances and, pursuant to that conspiracy, Mr. Kirkwood subsequently purchased twenty-one pounds of hashish for distribution to appellant and others. Thus, we conclude that the purchase of the twenty-one pounds of hashish composed the required overt act in furtherance of the conspiracy between Mr. Kirkwood and appellee.

Since we agree with the hearing court that the telephone conversations between Mr. Kirkwood and appellee demonstrated a criminal agreement, and since we here decide that the purchase of hashish by Mr. Kirkwood constituted an overt act in furtherance of the conspiracy, the conclusion

follows that the Commonwealth had established a *prima facie* case at the preliminary hearing.[1]

The order of discharge is reversed. The record is remanded. Jurisdiction is relinquished.

---

1. Our decision renders moot the question of whether the fact of and the nature of the telephone conversations between Mr. Kirkwood and appellee constituted overt acts in furtherance of the conspiracy.