682 A.2d 1292

COMMONWEALTH of Pennsylvania, Appellant,

v.

Daniel Mahlon WALLER.

Superior Court of Pennsylvania.

Submitted Feb. 26, 1996.

Filed Aug. 28, 1996.

Kemal A. Mericli and James Gilmore, Assistant District Attorneys, Pittsburgh, for the Commonwealth, appellant.

James R. Wilson, Public Defender, Pittsburgh, for appellee.

Before McEWEN, President Judge, and CAVANAUGH, CIRILLO, DEL SOLE, BECK, TAMILIA, POPOVICH, JOHNSON and HUDOCK, JJ.

JOHNSON, Judge:

In this appeal, we are asked to determine whether the trial court abused its discretion in dismissing the charges against Daniel Mahlon Waller following a denial of the Commonwealth's request for a one-day continuance to produce a necessary witness. However, because we find that the order in question is interlocutory, we are constrained to quash this appeal.

In October 1993, a confidential informant agreed to cooperate with police and make a number of undercover drug purchases. The police recorded the informant's activities through the use of a video camera hidden in his automobile. Every time the informant purchased drugs, he recorded the details of the transaction on an envelope and placed the drugs therein. One transaction involved the sale of cocaine to Waller. Waller was subsequently arrested and charged with one count each of delivery of a controlled substance (cocaine), 35 P.S. § 780–113(a)(30), possession with the intent to deliver cocaine, 35 P.S. § 780–113(a)(30), possession of cocaine, 35 P.S. § 780–113(a)(16), and criminal conspiracy, 18 Pa.C.S. § 903(a)(1).

On May 19, 1994, Waller waived his preliminary hearing and was released on his own recognizance. Following a hearing

on pre-trial motions, trial was scheduled for September 16, 1994. The Commonwealth avers that, prior to trial, counsel for Waller made repeated assertions that Waller was going to plead guilty to all charges. When Waller appeared before the court, however, he did not plead guilty; he instead demanded a non-jury trial. The Commonwealth informed the trial court that it had relied on Waller's representations that he would be pleading guilty and was unprepared to proceed to trial as the informant was not present in court to testify. Although the informant had been subpoenaed to appear, someone connected with the prosecutor's office had apparently informed him that a guilty plea was expected and that he would not be needed at trial. Thus, the Commonwealth requested a one-day continuance to secure the presence of this witness. The trial court denied this request, but did give the Commonwealth until that afternoon to produce the witness. When the informant failed to appear in time for the start of trial, the Commonwealth informed the trial court that it was unable to proceed. Accordingly, the trial court dismissed all charges against Waller.

Thereafter, the Commonwealth perfected its appeal to this Court. On July 10, 1995, a judgment order affirming the decision of the trial court was issued by a panel of this Court, with one judge dissenting. The Commonwealth's application for *en banc* review was granted on September 14, 1995.

On appeal, the Commonwealth presents two issues for our review, as follows:

I. Did the trial court abuse its discretion in denying a one day continuance to the Commonwealth, which was grounded on a defense counsel's representation [that] his client would plea the day of trial and the Commonwealth's reliance on that representation and inability to obtain all witnesses when the plea did not go forth?

II. Was dismissal of charges improper under these circumstances?

Brief for Appellant at 4.

Our review of the instant case is precluded, however, by our determination that the trial court's order of September

16, 1994 is interlocutory. It is beyond question that the Commonwealth may only appeal from a final order issued by the trial court. Pa.R.A.P. 341. Traditionally, the determination of whether a dismissal of criminal charges is considered a final order rests upon the reason for the dismissal; if the defect which precipitated the dismissal may be cured by the Commonwealth, a subsequent appeal to this Court is considered interlocutory. *Commonwealth v. LaBelle*, 531 Pa. 256, 612 A.2d 418 (1992). On the other hand, if the defect which requires the dismissal of charges is incurable, then the order dismissing the charges is final, and appellate review is proper. *Id.* For example, an order dismissing the charges against a defendant based upon the Commonwealth's failure to establish a *prima facie* case has been considered interlocutory, as the Commonwealth may refile the criminal charges. *Id.; see also Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975); *Commonwealth v. Jones*, 450 Pa.Super. 433, 676 A.2d 251 (1996), *petition for allowance of appeal filed*, 329 W.D.Alloc.Dkt. 96 (filed May 30, 1996). Further, this Court has held that the *only* avenue of redress for the Commonwealth when a complaint has been dismissed is to refile the complaint before the statute of limitations has expired. *See Commonwealth v. Allem*, 367 Pa.Super. 173, 179–80, 532 A.2d 845, 848 (1987) (citing cases). Recently, when reviewing the dismissal of a complaint for the failure to produce witnesses, this Court has held that refiling the complaint was the proper remedy. *Jones, supra.*

The Commonwealth asserts that the order in the present case is appealable based upon footnotes in *Commonwealth v. McBride*, 528 Pa. 153, 156 n. 3, 595 A.2d 589, 590 n. 3 (1991), and *Commonwealth v. Patterson*, 236 Pa.Super. 131, 133 n. 1, 344 A.2d 710, 711 n. 1 (1975). First, this Court is reluctant to rely upon authority that is only found in a footnote to decide this important issue. Moreover, we find that *McBride* and *Patterson* are distinguishable from the present case. In *McBride*, this Court concluded that an order dismissing charges prior to trial was appealable. The order in *McBride*, however, was an order granting a petition for habeas corpus relief, not a pre-trial dismissal for the failure to prosecute.

Orders granting petitions for habeas corpus have traditionally been held to be appealable. *See Commonwealth v. Hess*, 489 Pa. 580, 414 A.2d 1043 (1980). In *Patterson*, the charges against the defendant were dismissed because they were brought after the statute of limitations had expired. The Commonwealth asserted that dismissal was improper because the Crimes Code was amended during the period between the commission of the crime and the defendant's trial and this amendment altered the method for determining whether the statute of limitations had been tolled. The Commonwealth's appeal in *Patterson* was proper because the Commonwealth could not have cured the relevant defect by refiling criminal charges. *LaBelle, supra.*

In the present case, the trial court dismissed the charges against Waller when the Commonwealth failed to produce any witnesses against him. The charges were not dismissed with prejudice. Moreover, although the court did swear the witnesses in this case, it had yet to begin to hear evidence. Thus, jeopardy had not attached at the time of dismissal. *Commonwealth v. Rosario*, 418 Pa.Super. 196, 613 A.2d 1244 (1992), *aff'd*, 545 Pa. 4, 679 A.2d 756 (1996) (No. 96 M.D.1993, filed June 25, 1996), citing *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975). The Commonwealth concedes that no Rule 1100 or statute of limitations problem existed at the time the charges were dismissed. Brief for Appellant at 17. We find that the defect leading to the dismissal of the charges against Waller was curable through refiling the complaint and subsequent production of the requested witness. *Jones, supra; accord, Commonwealth v. Prado*, 481 Pa. 485, 487, 393 A.2d 8, 9 (1978) ("Ordinarily, orders such as the ones before us are not appealable since the individual is subject to rearrest."); *Commonwealth v. Finn*, 344 Pa.Super. 571, 496 A.2d 1254 (1985) (same). Thus, this order is interlocutory, and the Commonwealth's appeal must be quashed.

Appeal **QUASHED.**

TAMILIA, J. files a dissenting statement in which POPOVICH, J., joins.

TAMILIA, Judge, dissenting:

This appeal involves the appealability of a case dismissed by the trial court after the district attorney was unable to produce the essential witness on the day of trial and the trial court refused to grant a one-day continuation to do so. The case does not implicate the diligence of the district attorney in producing the witness, who had not been subpoenaed for that day, as appellee had previously agreed to enter a guilty plea. but on the day of the plea decided to go to trial. The majority would hold the case is not appealable as the district attorney is able to refile the case as it was not dismissed with prejudice nor has the statute of limitations run.

Pennsylvania Rule of Appellate Procedure 341 determines the appealability of Orders and it is beyond question that the Commonwealth may only appeal from a final Order in a criminal case in the circumstances provided by law. Pa.R.A.P. 341(e).

The majority, relying on *Commonwealth v. LaBelle,* 531 Pa. 256, 612 A.2d 418 (1992), finds the Commonwealth is precluded from appealing as the dismissal resulting from the Order may be cured, therefore the Order is interlocutory and appeal does not lie as the proper remedy under these circumstances is to refile the case.

The essence of this case is whether, upon refiling the matter, it would be barred by res judicata because the Commonwealth failed to present a prima facie case when called upon to do so, when it could be argued that it was derelict in *not presenting* an essential witness at the time of trial. I believe there is a significant difference in the situation where the Commonwealth presented its case in toto, particularly at the magistrate's level, and was found wanting, and the situation, as here, where the case was dismissed when the *opportunity* to present a prima facie case was denied by the trial court's arbitrary dismissal of the case. I believe failure to appeal such a decision could well subject the district attorney to a subsequent dismissal upon refiling, for failure to take a timely appeal.

It also is likely that in situations such as this the time that will have elapsed from trial and appeal to refiling and a second trial will be of greater duration and could more likely result in prejudice than remand for immediate retrial. At the magisterial level, refiling does not present the same problem of witness and evidentiary availability as does the case which is dismissed at the trial level.

I would reverse and remand for trial.

POPOVICH, J., joins dissenting statement by TAMILIA, J.