955 A.2d 1022 (2008)
COMMONWEALTH of Pennsylvania, Appellant
v.
In the Interest of A.G.
No. 364 EDA 2007
Superior Court of Pennsylvania.
Argued April 15, 2008.
Filed August 15, 2008.
Reargument Dismissed September 25, 2008.
*1023 Jeffrey Krulik, Asst. Dist. Atty., Philadelphia, for the Com., appellant.
Karl Morgan, Public Defender, Philadelphia, for appellee.
BEFORE: STEVENS, KLEIN and POPOVICH, JJ.
OPINION BY KLEIN, J.:
¶ 1 The Commonwealth appeals an order precluding evidence and dismissing serious charges against a juvenile for the Commonwealth's failure to meet what can only be described as a very brief discovery deadline. We agree with the Commonwealth and reverse for an adjudicatory hearing.
¶ 2 A.G. was arrested on August 3, 2006,[1] and charged with attempted murder and other charges for a stabbing that occurred on that date. An adjudicatory hearing was scheduled two weeks later on August 17, 2006. There was no discovery available at that date, and the trial judge ordered discovery to be completed within a week, by August 24, 2006. The case was relisted for August 28, 2006, and when the Commonwealth was still unable to provide the discovery, the case was discharged. A.G. was rearrested and the Commonwealth re-filed the case on December 8, 2006. Discovery was provided promptly after the rearrest and even faxed to the Defender Association, A.G.'s attorney, prior to the rearrest. However, the matter was referred back to the original trial judge to determine whether the discovery was precluded based on its August order. The first trial judge held that because of the "violation" of the original discovery order, the order was binding for the rearrest as well.
¶ 3 We find that, for several reasons, the trial judge's ruling is clearly contrary to established precedent regarding rearrests and discovery and constitutes both an error of law and an abuse of discretion.
¶ 4 Generally, if there is a new trial in a case, which could come by remand after an appellate court ruling, or a rearrest, as in this case, any legal decisions made in the prior case not affected by the appeal stand. As the Pennsylvania Supreme Court said in Commonwealth v. Starr, 541 Pa. 564, 664 A.2d 1326, 1331 (1995),
Among the related but distinct rules which make up the law of the case doctrine are that: (1) upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter; (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court; and (3) upon transfer of a matter between trial judges of coordinate jurisdiction, *1024 the transferee trial court may not alter the resolution of a legal question previously decided by the transferor trial court.
¶ 5 However, after a dismissal by an issuing authority, the law of the case doctrine does not apply and prior rulings need not be filed. "Because the grant of a new trial `wipes the slate clean,' so that a previous court's ruling on the admissibility of evidence generally does not bind a new court upon retrial, it is not evident that the [law of the case] doctrine applies in [a] procedural context." Commonwealth v. Paddy, 569 Pa. 47, 800 A.2d 294, 311 (2002); see also Commonwealth v. Allem, 367 Pa.Super. 173, 532 A.2d 845, 848 (1987).
¶ 6 Therefore, the preclusion order for the discovery violation, resulting in the dismissal of the juvenile petition by the first common pleas judge, would not be binding under the coordinate jurisdiction or law of the case doctrine where the matter was re-filed. The ruling on the first discovery is of no moment and the rearrest wipes the slate clean of previous discovery motion. Paddy, supra. Moreover, the matter was referred to the initial judge who refused to change the order, so the subsequent judge did not actually violate the coordinate jurisdiction rule in any event.
¶ 7 Pennsylvania Rule of Juvenile Court Procedures 336(a) states that, "[a] juvenile may be rearrested after the allegations have been dismissed prior to jeopardy attaching if the statute of limitations has not expired." Pa.R.J.C.P. No. 336(a) (comment) (citing Commonwealth v. Revtai, 516 Pa. 53, 532 A.2d 1 (1987)). In general, "[a]n accused may be rearrested and prosecuted despite the dismissal of charges at the preliminary hearing. A finding by a committing magistrate that the Commonwealth has failed to establish a prima facie case is not a final determination, such as an acquittal, and only entitles the accused to his liberty for the present, leaving him subject to rearrest." Commonwealth v. Genovese, 493 Pa. 65, 425 A.2d 367, 369 (1981) (citations omitted). A magistrate's decision to dismiss criminal charges after a preliminary hearing is unappealable; therefore, the reinstitution of charges is the only recourse available to the Commonwealth after it fails to establish a prima facie case at a preliminary hearing. Commonwealth v. Carbo, 822 A.2d 60 (Pa.Super.2003). Moreover, "when reviewing the dismissal of a complaint for the failure to produce witnesses, this Court has held that re-filing the complaint was the proper remedy." Commonwealth v. Waller, 453 Pa.Super. 36, 682 A.2d 1292, 1294 (1996).
¶ 8 Here, there was never an evidentiary hearing nor was A.G. found delinquent and the court dismissed the case; therefore, jeopardy did not attach and the Commonwealth had a right to rearrest the juvenile. Pa.R.J.C.P. No. 336, supra. Furthermore, the only remedy the Commonwealth had when the charges were dismissed for failure to present the necessary discovery  namely a police witness  was to rearrest A.G. and provide the needed discovery.
¶ 9 Pennsylvania Rule of Criminal Procedure sets out the remedy for failure to follow discovery as follows:
If at any time during the course of the [discovery] proceedings it is brought to the attention of the court that a party has failed to comply [pretrial discovery and inspection], the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may *1025 enter such other order as it deems just under the circumstances.
Pa.R.Crim.P. 573(E). However, "this Court has held that dismissal of charges is a penalty far too drastic for a prosecutor's violation of discovery rules." Commonwealth v. King, 932 A.2d 948, 952, (Pa.Super.2007) (citations omitted).
¶ 10 Both sides refer to language in Commonwealth v. Burke, 566 Pa. 402, 781 A.2d 1136, 1144 (2001), quoting from Commonwealth v. Shaffer, 551 Pa. 622, 712 A.2d 749, 752 (1998):
Dismissal of criminal charges punishes not only the prosecutor ... but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.
¶ 11 In this case, there is no showing of any egregious actions by the Commonwealth or any prejudice to the defense. Considering the extremely short time frame for the discovery, it is understandable that there could be difficulties complying with the discovery order. Likewise, we agree with the Commonwealth that the defense only made vague claims of "possible" prejudice without specifying any particular facts.
¶ 12 If anything, the "violations" in the instant case are less significant than in Burke. In Burke, the omitted witness statement was not produced until after another witness had testified. Moreover, in Burke, unlike this case, the statement provided exculpatory evidence.
¶ 13 Finally, "[w]e note that questions involving discovery in criminal cases lie within the discretion of the trial court and that court's decision will not be reversed unless such discretion was abused." Commonwealth v. Rucci, 543 Pa. 261, 670 A.2d 1129, 1140 (1996). Even if we were to determine that the preclusion order carried over to the rearrest we hold that the initial order was an abuse of discretion and violation of the law, because of the extremely truncated time the Commonwealth had to complete discovery, and thus would reverse the subsequent judge who ruled she was bound by the initial preclusion order.[2]
¶ 14 Order precluding evidence reversed. Matter remanded for an adjudicatory hearing. Jurisdiction relinquished.
NOTES
[1] While the trial judge stated the arrest date was July 29, 2006, the official documents in the record show the arrest date to be August 3, 2006.
[2] While the initial judge did not formally grant a preclusion order, the dismissal of the case shows that she did grant that order or there would have been no grounds for dismissal.