J-A10037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ORONDA LIGON | |
| | No. 215 EDA 2017 |

Appeal from the Order December 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009244-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ORONDA LIGON | |
| | No. 375 EDA 2017 |

Appeal from the Order January 12, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009244-2012

BEFORE:  GANTMAN, P.J., MCLAUGHLIN, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 26, 2018**

Appellant, the Commonwealth of Pennsylvania, appeals from the trial court's orders of December 6, 2016, and January 12, 2017, respectively

* Retired Senior Judge assigned to the Superior Court.

dismissing the case and denying the Commonwealth's motion to amend the bills of information.  After careful review, we affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  **See** Trial Court Opinion (TCO), 7/19/17, at 1.  Appellee was arrested on March 10, 2012, and charged with twenty-four offenses, among the most serious of which were aggravated assault, conspiracy to commit aggravated assault, robbery with threat of immediate serious injury, burglary, criminal trespass, and a violation of the Uniform Firearms Act – firearms not to be carried without a license.[1]  A number of continuances were held prior to trial at Appellee's request.

On December 5, 2012, the matter proceeded to trial following a trial readiness conference; *voir dire* was completed, and a jury had been selected. On December 6, 2012, prior to opening arguments, the Commonwealth indicated that its complaining witnesses were not at the courthouse.  The Commonwealth had attempted to contact them but had, as of 10:15 a.m., received no response.  **See** Notes of Testimony (N.T.), 12/6/16, at 3-5.  At 11:45 a.m., the Commonwealth represented to the court that it had arranged for transportation for the complainants and they were being brought in.  **Id.** at 17.  The defendant did not request that the court dismiss the matter, but the court, noting that the complainants were supposed to be in court at 9:30 a.m., dismissed the case.  **Id.** at 17-18.

_____

[1] 18 Pa.C.S. §§ 2702(a), 903, 3701(a)(1)(ii), 3502(a), 3503(a)(1)(i), 6106(a)(1), respectively.

On December 21, 2016, the Commonwealth filed a motion seeking to amend the bills of information, explaining that it had attempted to refile the bills of information but that the administrators of the First Judicial District refused to reinstate the charges. **See** Mot. to Reinstate Bills of Information, 12/21/16, at ¶ 7. On January 5, 2017, while the motion was still pending, the Commonwealth timely appealed the court's December 6, 2016 order. On January 12, 2017, the supervising judge of the trial court denied the motion to amend. Following that denial, the Commonwealth timely filed a second notice of appeal to this Court.[2]

The Commonwealth and the trial court have complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth raises a single issue for our review:

Did the trial court abuse its discretion in dismissing the case with prejudice when the victims – an elderly woman and a paraplegic man – were unexpectedly late for court where the Commonwealth insisted that, despite the victims' absence, it was ready for trial and defendant suffered no prejudice as a result of any brief delay?

_____

[2] The Commonwealth filed an application to consolidate the appeals, and that application was granted in February 2018. However, as the Commonwealth has made no argument regarding the January 12, 2017 order, we are constrained to dismiss the appeal docketed at 375 EDA 2017. **See** Commonwealth's Brief at 11-29; **see also Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue); **see also** Pa.R.A.P. 2119(a), (b) (requiring a properly developed argument for each question presented including a discussion of and citation to authorities in appellate brief).

Commonwealth's Brief at 4.[3]

Initially, however, we must determine whether the Commonwealth has appealed from a final order. *See* Pa.R.A.P. 341(e) ("An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.").

The trial court avers that the charges against Appellee were dismissed without prejudice and that dismissals of criminal complaints based upon remediable defects are interlocutory, unappealable orders. *See* TCO, 7/19/17, at 2-3 (citing *Commonwealth v. La Belle*, 612 A.2d 418, 420 (Pa. 1992)). The court proposes that the Commonwealth's failure to make a *prima facie* case due to the absence of a witness is such a defect. *Id.* (citing *Commonwealth v. Jones*, 676 A.2d 251, 252 (Pa. Super. 1996)). While the trial court notes that the charges were dismissed nearly five years after the complaint was filed, it does not indicate an awareness that the charges were subject to the statute of limitations. *Id.* at 2-3. Instead, it states that the order is precluded from appellate review and the Commonwealth's sole recourse is the refilling of criminal charges. *Id.*

The supervising judge of the criminal division of the Philadelphia Court of Common Pleas has also filed an opinion in response to the Commonwealth's second appeal. *See* Trial Court Opinion (TCO), 8/11/17, at 1-6. The court avers that the Commonwealth attempted to circumvent the normal procedural

---

[3] Appellee indicated to this Court that he would not file a brief in this matter and would not seek oral argument. *See* Letter, 4/11/18, at 1.

mechanisms for refiling a complaint when it sought reinstatement of the bills of information rather than refiling the complaint or re-arresting the appellee. *Id.* at 1-3. The supervising judge also notes that when charges against the defendant are dismissed for failure to produce a witness at trial, the matter is not ripe for appeal because the Commonwealth may refile the complaint. *Id.* at 3-4. Further, according to the supervising judge, this is the only avenue of redress for the Commonwealth in such a situation. *Id.* at 3-4 (citing **Commonwealth v. Waller**, 682 A.2d 1292, 1294 (Pa. Super. 1996). Thus, the supervising judge avers that the appeal is interlocutory and not appealable. *Id.* at 3-4. Finally, the supervising judge notes that 1) at the time the Commonwealth's motion had been filed, an appeal had already taken, so the court no longer had jurisdiction; 2) the trial court was a court of coordinate jurisdiction, and 3) there was no reason to overturn such an order. *Id.* at 3-6 (citing **Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995)). The supervising judge also makes no mention of the statute of limitations.

In contrast, the Commonwealth avers that the December 6 order is a final order, because the statute of limitations precludes the refiling of the complaint. **See** Commonwealth's Brief at 13. Because this defect is incurable and the order therefore terminates the Commonwealth's case, the Commonwealth argues that the order is final and appealable. *Id.* at 12-13 (citing **Commonwealth v. Finn**, 496 A.2d 1254, 1255 (Pa. Super. 1985) ("order discharging appellee must be viewed . . . as a final order from which

an appeal may properly be taken" where "the applicable statute of limitation had expired at the time the order was entered")).[4]

Although the Commonwealth characterizes the dismissal of the charges as being "with prejudice," that is not an accurate statement of the record. *See* Commw. Brief at 15. To the contrary, the trial court dismissed the charges without prejudice. *See* TCO, 7/19/17, at 3 (citing to Docket No. CP-51-CR-0009244-2012). Nevertheless, due to the statute of limitations, we agree that, because the order terminated the case, it is final and appealable, and accordingly, we will examine the Commonwealth's issue on the merits. *Finn*, 496 A.2d at 1255; *see also La Belle*, 612 A.2d at 420 (noting that where the Commonwealth is unable to refile its case within the time period allotted by a rule of criminal procedure, the defects are incurable, and the only available remedy from dismissal of charges is an appeal); *cf Waller*, 682 A.2d at 1294 (noting that the determination of whether dismissal of criminal charges is considered a final order rests on the reason for the dismissal; if the defect requiring the dismissal is incurable then the order is final and appellate review proper).

We now address the Commonwealth's sole issue on appeal, which consists of two arguments. First, the Commonwealth argues that the court erred and abused its discretion in dismissing the case under the erroneous

---

[4] We further note that this opinion does not indicate whether the statute of limitations issue was raised before the trial court or whether the effect of the order, due to the statute, was dispositive.

assumption that the Commonwealth could refile the complaint. *See* Commw. Brief at 10. Second, the Commonwealth argues that the tardiness of the complainants did not justify the "extreme" sanction of dismissing the case, where the Commonwealth assured the court that it was ready for trial, despite a brief delay. *See* Commw. Brief at 14. Essentially, the Commonwealth contends that because the statute of limitations had expired and it could no longer refile the complaint or re-arrest the defendant, in the absence of misconduct or prejudice to the defendant, terminating the prosecution was an excessive and impermissible sanction. *Id.* at 10-14.

Initially, we note that the Commonwealth has waived its argument regarding the expiration of the statute of limitations. *See Commonwealth v. Elrod*, 572 A.2d 1229, 1232 (Pa. Super. 1990); Pa.R.A.P. 302 (issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Insofar as the record shows, the Commonwealth did not bring the issue of the statute of limitations to the court's attention at any time prior to the filing of this appeal. It did not raise the issue at the initial dismissal; in either of its motions seeking to refile the charges or amend the information; or in its Pa.R.A.P. 1925(b) statement, which states only that the court abused its discretion in dismissing the case for reasons currently unknown. *See* Motion, 12/21/16, at 1-3; Pa.R.A.P. 1925(b) Statement, 1/18/17 at 1, 1/24/17 at 1. Neither the trial court nor the supervising judge mention the statute of limitations in their Pa.R.A.P. 1925(a) opinions. *See* TCO, 7/19/17, at 1-4; TCO, 8/11/17, at 1-6. Thus, the Commonwealth may not rely on the

expiration of the statute of limitations as a reason the dismissal was an unduly harsh sanction. *Elrod*, 572 A.2d at 1232; Pa.R.A.P. 302.

We further decline to find an abuse of discretion in the court's decision to dismiss the charges. The Commonwealth argues that the complainants' tardiness did not justify the extreme sanction; that the Commonwealth had made "diligent efforts" to bring the victims to court; and that the case was otherwise ready to be brought to trial. *See* Commonwealth's Brief at 14-15.

We examine the facts of this case to determine whether the trial court abused its discretion in dismissing the charges against Appellee following the Commonwealth's request for an extension of time to procure necessary witnesses. *See Waller*, 682 A.2d at 1293. Here, we cannot conclude that the trial court committed an abuse of discretion. As the court noted, 1) the matter proceeded to trial nearly five years after the complaint was initiated; 2) the jury had already been empaneled on the morning of trial; 3) the Commonwealth asserted it was ready to proceed to trial, but could not produce the witnesses. *See* TCO, 7/19/17, at 1-3. The Commonwealth was not ready to proceed to trial at the call of the list, and it was not an abuse of discretion for the court to dismiss the case without prejudice. *Waller*, 682 A.2d at 1293.

Orders affirmed.

President Judge Gantman joins the Memorandum.

Judge McLaughlin Notes Dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/26/18</u>