J-A29009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK  MARTAIN | : | No. 3404 EDA 2016 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004675-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MALIK MARTAIN | : | No. 3855 EDA 2016 |

Appeal from the Order Entered December 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004675-2012

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                                    **FILED APRIL 03, 2019**

In these consolidated matters, the Commonwealth appeals from orders

entered on September 26, 2016, and December 6, 2016, in the Philadelphia

Court of Common Pleas.  Appellee, Malik Martain, and his co-defendant,

---

\*   Former Justice specially assigned to the Superior Court.

Orlando Kelty,[1] were charged with multiple offenses related to an armed robbery of the victim, Shawn Holloway, that occurred on March 6, 2012. The court's September 26, 2016, order dismissed all charges against Martain and Kelty, and the December 6, 2016, order denied the Commonwealth's motion to reinstate bills of information against the co-defendants. Based on the following, we reverse and remand for further proceedings.

The facts and procedural history are as follows. As noted above, Martain and Kelty were arrested and charged with multiple offenses, including attempted murder and criminal conspiracy,[2] for a robbery that took place in March of 2012. A jury trial commenced on February 22, 2016, before the Honorable J. Scott O'Keefe. On February 29, 2016, the victim recanted, and the trial resulted in a mistrial. Martain and Kelty were then granted a retrial.

A new trial was listed before the Honorable Sierra Thomas Street. On September 22, 2016, at a trial readiness conference, both the Commonwealth and defense counsel indicated the matter was ready to proceed to trial. However, on September 26, 2016, the date set for trial, Judge Street dismissed the case against Martain and Kelty, finding the Commonwealth was not ready to proceed when the case was called because a Commonwealth

---

[1] The Commonwealth has filed identical appeals with respect to Kelty, at Docket Nos. 3417 EDA 2016 and 3853 EDA 2016. This Court directed that the appeals be listed consecutively.

[2] **See** 18 Pa.C.S. §§ 901/2501 and 903.

witness, the victim, was absent. The Commonwealth then filed a motion to reconsider on October 3, 2016, before Judge Street, and a notice of appeal on October 26, 2016, which was docketed at No. 3404 EDA 2016. The motion to reconsider was denied by operation of law on November 2, 2016.

Subsequently, the Commonwealth filed a motion to reinstate bills of information on December 2, 2016, before the Honorable Leon W. Tucker. That motion was denied on December 6, 2016. The Commonwealth then filed a notice of appeal, which was docketed at No. 3855 EDA 2016.

On January 5, 2017, the Commonwealth filed an application for consolidation of these related appeals in addition to its appeals with respect to co-defendant Kelty. On February 14, 2017, in a *per curiam* order, this Court granted the Commonwealth's motion to consolidate the appeals. *See* Order, 2/14/2017.

The Commonwealth raises the following issues for our review:

1(a). Was the common pleas court's dismissal of all charges on the day of trial, on the ground that the evidence was insufficient to establish a *prima facie* case, a final order appealable by the Commonwealth?

1(b). If the dismissal was not a final order, but merely an interlocutory order permitting the Commonwealth to reinstate charges, then was the subsequent refusal to reinstate the charges a final order appealable by the Commonwealth?

2. Did the court below lawfully terminate the prosecution where the evidence was plainly sufficient to establish a *prima facie* case, and the Rule 600 run date was still at least five months away?

Commonwealth's Brief at 2.

In its first issue, the Commonwealth claims:

> The trial judge discharged the case on the morning of trial, on the ground that the Commonwealth would not be able to establish a *prima facie* case because the victim was not available for court that day. Despite the judge's after-the-fact effort to recharacterize it, that discharge was a final order, based on the alleged legal insufficiency of the evidence.

*Id.* at 8.[3] Moreover, the Commonwealth states:

> The trial judge's attempt to transform her discharge order into a dismissal "without prejudice" cannot succeed. At the time of the order, the judge announced that the case was "discharged" and "dismissed," and that she was "discharging this." The judge said not a word indicating that her ruling was without prejudice, or suggesting that the charges could simply be reinstated. It was only when she issued her opinion, more than eight months later, that the order ending the case became a mere dismissal without prejudice. But by then it was too late. The judge lost power to modify her order after 30 days. 42 Pa.C.S. § 5505.

*Id.* at 8-9 (reproduced record citation omitted).

Preliminarily, we must determine whether the Commonwealth has appealed from a final order. *See* Pa.R.A.P. 341(e) ("An appeal may be taken by the Commonwealth from any final order in a criminal matter only in the circumstances provided by law.").

> Generally, when criminal charges are dismissed, the Commonwealth can simply refile the charges and therefore an appeal from such an order is interlocutory. ***Commonwealth v. Waller***, 1996 Pa. Super. LEXIS 3180, Pa. Super. , 682 A.2d 1292

---

[3] The Commonwealth also argues in the alternative that "[i]f, however, the judge was correct that her order was interlocutory, then she must also have been correct that the Commonwealth was free to bring the case before any other judge empowered to hold a new preliminary hearing." Commonwealth's Brief at 8. Based on our disposition, we need not address this alternative argument.

(1996).  As stated in **Waller***,* the determination of whether a dismissal of criminal charges is a final order for purposes of appeal depends on the reason behind the order.  If the defect which prompted the dismissal is curable, the appeal is interlocutory.  If the defect is incurable, then the order is final and the appeal is proper. ***Id.***

**Commonwealth v. Price**, 684 A.2d 640, 641 (Pa. Super. 1996).

Here, a review of the record reveals the following:  At the September 26, 2016, proceeding, before the trial was to begin, the following exchange occurred between the court and the parties:

THE COURT:  You're ready?

[Kelty's counsel]:  I'm ready, Judge.

THE COURT:  Commonwealth?

[The Commonwealth]:  And I told counsel that … my complainant is in SCI Forest.  I can try to make arrangements so that he can be brought in and we can roll this to next week.  I am otherwise ready, but I need him here, obviously.  And this is a retrial stemming from a mistrial that occurred in March.

[Martain's counsel]:  Judge, I have a homicide trial scheduled to begin on Monday … next week.

…

THE COURT:  I have another case next week as well.

[Martain's counsel]:  And I have no indication -- I have no knowledge of whether there was a writ prepared for this man.

THE COURT:  I don't either.  I don't see anything in the docket.

[Martain's counsel]:  Yeah, I don't either.

THE COURT:  Normally I would write that on my file about the witnesses, the witnesses' whereabouts, and I don't think it was

- 5 -

mentioned prior to today because I don't see it in the dockets or on my file. I don't -- well, I don't' see it, so --

THE CRIER: The Court is in chambers next week, Your Honor.

THE COURT: Oh.

THE CRIER: The Court is in chambers.

[The Commonwealth]: All right. Well, then if -- I mean, if it can't be rolled until next week, if we can get a short date. Obviously, the Commonwealth is within the run date as established once the mistrial was granted and a new trial was granted, so I'm not looking for a date next year, but if we can figure out a time when the rest of us are otherwise ready or otherwise able to try it --

THE COURT: No. This matter is discharged.

[The Commonwealth]: Your Honor, could you just give me a basis for the discharge?

THE COURT: You're not ready today. You have -- you gave no notice to the Court that you needed a witness from state custody. There's no indication that you ever gave any notice about this. We had a trial readiness last week. There's no indication -- you said you were ready. This is an open case from 2012.

[The Commonwealth]: Yes, but I'm just wondering if you could give me a -- I mean, a -- a basis. I mean, we are within our run date of 365 days.

THE COURT: I know that's your argument, your legal argument, but --

[The Commonwealth]: Yes, Your Honor. I'm asking for what the legal basis is for the discharge.

THE COURT: Well, I don't have any other basis than what I just stated, so it's dismissed. That's my basis for discharging this.

[The Commonwealth]: Okay.

[Kelty's counsel]: And, Your Honor, for purposes of the record, just to keep it clean, I'm not going to add anything, but I just want

to include that my arguments are the same as those [Martain's counsel] made earlier.

THE COURT: You want to repeat those for the record?

[Martain's counsel]: Other than I'm ready, I don't see any indication that arrangements or preparations were made to have this witness brought here. We are now, what, three or four months since the trial readiness conference? The trial readiness conference was last week and this case was called ready. I have prepared for trial and I know --

THE COURT: Did the witness's custody status change from the last time you tried the case?

[Martain's counsel]: No.

[The Commonwealth]: No. And that's why I'm not sure -- I mean, it is my -- to the best of my recollection, not only was a writ prepared from here --

[Martain's counsel]: No.

[The Commonwealth]: -- but I didn't bring my box with me because prior to coming in this morning, I checked and realized that Mr. Holloway had not been moved from SCI Forest. Now, the vast majority of the time that has been taken in this case -- in fact, I don't think the Commonwealth has ever taken a date on this case. The last listing, the notes of testimony were not done from the trial and [Martain's counsel] had filed a motion to withdraw as counsel, which he subsequently withdrew that motion to withdraw the day of trial. So --

[Martain's counsel]: No, no. Not correct. It was withdrawn --

[The Commonwealth]: The Friday before trial.

[Martain's counsel]: It was filed prior to the June pretrial and withdrawn at the June pretrial date. It did not cause one minute's delay in this case and the notes have been available -- I received the notes months ago. The only thing the record reflects is that I had ordered the notes. The notes were delivered to me. I paid for my notes probably three or four months ago, so I haven't

caused any delay since the mistrial in March that was occasioned by --

[The Commonwealth]: That was not occasioned by anything the Commonwealth --

[Martain's counsel]: -- a Commonwealth witness blurting out something that was not asked of him.

[The Commonwealth]: Counsel is well aware --

THE COURT: It's not really -- this is not really about -- you two can argue the point, but it's really not about – I'm not doing this because of what counsel said.

[The Commonwealth]: Right. So --

THE COURT: It's mostly because of what I said.

[The Commonwealth]: Okay.

THE COURT: So I understand your point, [Commonwealth]. It's nothing personal against you, but I think this case is --

[The Commonwealth]: And I understand that. I'm just -- because there was a mistrial and the case been tried, there is a new 365 days, so I'm wondering what it is, what basis there is to dismiss the case otherwise because I don't think that there is one.

THE COURT: Okay.

[The Commonwealth]: And I'm not sure that the law allows you to do that.

THE COURT: Okay. Well, I just did it and I'm going to move on to the next case on the list.

[The Commonwealth]: Okay.

N.T., 9/26/2016, at 5-11.

That same day, a "Trial Disposition and Dismissal Form" was entered by Judge Thomas Street, indicating all counts were dismissed, and in the

comment section, the following was noted: "Case Dismissed – Commonwealth Not Ready." Trial Disposition and Dismissal Form, 9/26/2016.

In her Rule 1925(a) opinion, Judge Thomas Street expounded on her rationale as follows:

> Firstly, the Commonwealth is incorrect in its claim that this court dismissed either case "with prejudice." (*See* Malik Martain Secure Docket p. 28, Orlando Kelty Secure Docket p. 29). Moreover, the Commonwealth may only appeal from a final order issued by a trial court. Pa.R.A.P. 341(e). Dismissals of criminal complaints based upon remediable, or curable defects, are interlocutory and do not bar refiling upon dismissal. ***Commonwealth v. LaBelle***, 612 A.2d 418 (Pa. 1992). The Commonwealth's failure to make a prima facie case due to the absence of a Commonwealth witness on the date set for trial is one such remediable defect. ***Commonwealth v. Jones***, 676 A.2d 251 (Pa. Super. 1996), ***see also Commonwealth v. Hetherington***, 331 A.2d 205 (1975). An order dismissing a case for failure to make a prima facie case is not final because the prosecution can bring the case before any other officer empowered to hold a preliminary hearing. ***Id.*** Refiling a criminal complaint is the appropriate procedure and the Commonwealth's only recourse where charges are dismissed upon the lack of a prima facie case since such a determination is interlocutory in nature and, therefore, not appealable. ***Jones***, 676 A.2d at 252 (citing ***Commonwealth v. Mirarchi***, 392 A.2d 1346 (Pa. 1978)).
>
> In ***Jones***, a trial court dismissed a criminal complaint because of the absence of the Commonwealth's witnesses on the date set for trial. ***Id.*** at 251. The Commonwealth did not appeal this dismissal, but instead reinstituted the original charges in a new criminal complaint. ***Id.*** The Pennsylvania Superior Court held that the dismissal was permissible for the failure-to–prosecute and that the Commonwealth's refiling was the appropriate remedy. ***Id.*** at 252. Similarly, in ***Commonwealth v. Waller***, 682 A.2d 1292, a trial court dismissed the charges against a defendant following a denial of the Commonwealth's request for a one-day continuance. The charges were not dismissed with prejudice. ***Id.*** at 1295. On appeal the Commonwealth contended that the denial of the one-day continuance and the dismissal of charges by the trial court were

improper. ***Id.*** at 1294. The Superior Court held in response that the dismissal was interlocutory and therefore review of the case was precluded. ***Id.*** The Court subsequently quashed the appeal by the Commonwealth and indicated that refiling the complaint was the proper remedy. ***Id.***

In this case, this court dismissed the criminal complaints against Orlando Kelty and Malik Martain in light of the Commonwealth's failure to make a prima facie case due to the absence of the complaining witness on the date set for trial, nearly five years after the complaints were filed. This court did not dismiss the complaints with prejudice. At the trial readiness conference on September 22, 2016, the Commonwealth asserted that it was ready to proceed to trial. (N.T. 9/22/16 p. 5). On September 26th at trial, the Commonwealth failed to arrange for the complaining witness' appearance in-court from custody at SCI Forest. (N.T. 9/26/16 p. 3). Thereupon, this court dismissed the complaints against Mr. Kelty and Mr. Malik. (N.T. 9/26/16 p. 8). As in ***Jones*** and ***Waller***, this court's dismissal was based upon the Commonwealth's failure to present a necessary witness to make a prime facie case. In neither the docket nor the transcripts did this court ever represent the dismissal to be with prejudice. This court also notes that the dismissal of the complaints occurred 1,662 days after the complaints had originally been filed. Therefore, the Commonwealth's appeal is precluded from appellate review and its sole recourse is the refiling of the criminal charges.

Trial Court Opinion, 6/7/2017, at 2-4.[4]

While it appears, at first glance, the Commonwealth could simply refile the charges as the trial judge indicated in her Rule 1925(a) opinion that these cases were dismissed without prejudice, we note that such a clarification was conspicuously absent from her discussion with the parties at the September

---

[4] We note the court incorrectly states the Commonwealth failed to make a *prime facie* case "nearly five years" after the complaints were filed. Trial Court Opinion, 6/7/2017, at 3. The appellees' original trial resulted in a mistrial in February of 2016. The retrial occurred on September 26, 2016.

26, 2016, trial and in the corresponding order. Our review of the transcript and order reveals the trial judge repeatedly stated the cases were "dismissed" and "discharged" based on a failure to produce the complaining witness. This conclusion is further supported by the fact that the trial judge did not grant any period of time to the Commonwealth so that it could procure the witness, and the court did not hold a hearing to determine if the trial could begin with the presentation of other Commonwealth witnesses while it made arrangements for the transportation of the complaining witness. Based on these specific facts, we are compelled to conclude the Commonwealth acted properly in concluding that the defect was incurable, the trial judge dismissed the case with prejudice, and therefore, the September 26, 2016, order was final and appealable. *See Waller*, *supra*.[5]

Moreover, we note the court's reliance on *Waller*, *supra*, and *Jones*, *supra*, is misplaced. In *Waller*, on the day of a hearing on pre-trial motions and trial, the Commonwealth informed the court that it was not prepared to proceed to trial because a witness was not present. *Waller*, 682 A.2d at 1293. The witness had been subpoenaed to appear, but was later informed he was not needed at trial because a guilty plea was expected to take place.

_____

[5] The judge's attempts to recharacterize her ruling in her Rule 1925(a) opinion are untimely. *See* 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

*Id.* While the Commonwealth requested a one-day continuance to secure the witness's presence, the court denied the request, but did give the Commonwealth until the afternoon to produce the witness. *Id.* at 1293-1294. When the witness failed to appear, the Commonwealth informed the court that it was unable to proceed. The court then dismissed all charges against the defendant. The Commonwealth appealed and a panel of this Court quashed the appeal as interlocutory because the charges were dismissed without prejudice and no speedy trial or statute of limitation problem existed at the time the charges were dismissed. *Id.* at 1295. The panel concluded "the defect leading to the dismissal of the charges against [the defendant] was curable through refiling the complaint and subsequent production of the requested witness." *Id.* Turning to the present matter, the trial judge did not dismiss the charges without prejudice and did not provide the Commonwealth with any opportunity to procure the witness.[6]

Likewise, in *Jones*, the Commonwealth did not appeal the dismissal of the defendant's charges for failure to produce to witness, but rather, reinstituted the charges in a new criminal complaint. *Jones*, 676 A.2d at 252. The defendant filed a motion to quash the new complaint on the grounds that refiling of the charges was improper, which the trial court granted. *Id.* The

---

[6] Moreover, here, while the Commonwealth informed the trial judge that it was within the 365-day period under Pa.R.Crim.P 600, the judge never acknowledged this fact in her decision. *See* N.T., 9/26/2016, at 3, 7, and 10-11.

appeal concerned that decision and not whether the court's original decision to dismiss the case for failure to present witnesses was with or without prejudice as is the argument herein. Accordingly, we conclude **Waller** and **Jones** are distinguishable from the present matter.

Rather, we liken the present matter to situations where the Commonwealth has committed a discovery rule violation, and where this Court has previously stated:

> "[The] dismissal of charges is a penalty far too drastic for a prosecutor's violation of discovery rules." **Commonwealth v. King,** 2007 PA Super 271, 932 A.2d 948, 952, (Pa. Super. 2007)(citations omitted).
>
> …
>
> Dismissal of criminal charges punishes not only the prosecutor … but also the public at large, since the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Thus, the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

**Commonwealth v. A.G.**, 955 A.2d 1022, 1025 (Pa. Super. 2008).

In conclusion, the trial judge erred in determining its September 26, 2016, ruling was an interlocutory, non-appealable order as the record demonstrates the court's determination was a dismissal of the case with prejudice. Moreover, the court acted improperly by failing to either grant the Commonwealth a continuance or hold a hearing to determine if the

Commonwealth could proceed with trial using other witnesses first. There were no Rule 600 issues as a new trial had been granted. ***See*** Pa.R.Crim.P. 600(A)(2)(d) ("When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within 365 days from the date on which the trial court's order is filed."). The Commonwealth's actions were not egregious and the co-defendants would not have suffered any prejudice from a minor delay.

Accordingly, we find the trial court erred in dismissing all charges against Martain and Kelty. Therefore, we reverse the September 26, 2016, order, and remand for further proceedings. Based on our disposition, a determination regarding the Honorable Leon W. Tucker's December 6, 2016, order, denying the Commonwealth's motion to reinstate bills of information against the co-defendants, is moot.

At Docket No. 3404 EDA 2016, order entered September 26, 2016, order reversed. At Docket No. 3855 EDA 2016, appeal dismissed as moot. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/19

- 14 -